## CIRCUIT COURT OF FAIRFAX COUNTY

Pamela Merritt,
Administratrix
of the Estate of
Florence Stansel

v.

Laurence J. Clark et al.

April 11, 1995

Case No. (Law) 137086

By Judge Gerald Bruce Lee

This matter is before the Court on the Defendant's Plea in Bar asserting the statute of limitations as a defense to the Plaintiff's wrongful death claim. Defendant, Dr. Ford, relies on Virginia's Medical Malpractice Statute (Code of Virginia § 8.01-581.1, *et seq.*) to assert that the cause of action accrued at the time that treatment terminated and that the statute of limitations expired prior to the filing of this action. Plaintiff relies on Virginia's Wrongful Death Statute (Code of Virginia § 8.01-50) and the continuing treatment doctrine to assert that the cause of action did not exist until the death of the patient and that the claim was filed timely. Dr. Ford's Plea in Bar is granted, and Capital Emergency Associates' Plea in Bar is denied for the reasons that follow.

The issues before the Court are:

(1) Whether the Wrongful Death Statute or the Medical Malpractice Statute controls this action, and

(2) Whether the statute of limitations has expired with respect to Dr. Ford and Capital Emergency Associates?

Plaintiff's Motion for Judgment alleges in two counts: (1) wrongful death (Code of Virginia § 8.01-50) and (2) medical malpractice (Code of Virginia § 8.01-581.1, *et seq.*). Relying on *Wertz v. Grubbs*, Defendant

contends that these two claims may not co-exist and that the provisions for medical malpractice control this action. *Wertz v. Grubbs*, 245 Va. 67, 425 S.E.2d 500 (1993). Defendant states that the two-year statute of limitations controlling an action for malpractice begins to run at the time improper treatment terminates and that Plaintiff did not file a timely action.

Plaintiff argues that this suit is a claim for relief under Virginia's Wrongful Death Statute based on medical malpractice. Plaintiff contends that the two-year statute of limitations controlling a wrongful death action does not begin to run until a death has occurred. Plaintiff also argues that the continuous treatment doctrine applies, and therefore, the statute of limitations does not begin to run until the last examination.

On November 30, 1992, Florence Stansel, the decedent, entered the emergency room of Mount Vernon Hospital where she complained of chest pains. There she was examined by Dr. Ford, a doctor employed by Capital Emergency Associates. Capital Emergency Associates is the group of doctors providing emergency room treatment for Mount Vernon Hospital.

Stansel remained in the hospital until December 1, 1992, when she was discharged by order of her regular doctor, Dr. Clark. On December 4, 1992, Stansel returned to the emergency room, again complaining of chest pains. On this occasion, she was examined by Dr. Palace, also a doctor employed by Capital Emergency Associates. Later on December 4, 1992, Stansel suffered a heart attack and died.

The administratrix of Stansel's estate filed this action on December 2, 1994, over two years after Defendant treated her on November 30, 1992. Defendant, Dr. Ford, asserts that the action is barred because the statute of limitations expired.

In *Wertz*, the plaintiff pursued a wrongful death action based upon the alleged medical malpractice of the defendant. Plaintiff filed a timely claim. However, while the case was pending before the medical review board, the two-year statute of limitations expired. After the medical review board rendered its decision denying relief, Plaintiff filed his complaint in the U. S. District Court. Defendant moved to dismiss the action, contending that the statute of limitations had expired. The court reasoned that where two statutes conflict, the statute that addresses the issue more specifically prevails. There, the Supreme Court of Virginia held that the more specific medical malpractice statute prevailed over the general wrongful death statute. *Wertz v. Grubbs*, 245 Va. 67, 73.

The Court holds that the *Wertz* analysis should be applied to this case. Here, the statutory periods governing medical malpractice and wrongful death actions are in dispute. The Medical Malpractice Statute specifically creates a cause of action for victims of professional negligence. Here, Plaintiff alleges that Dr. Ford was negligent. Plaintiff claims Dr. Ford failed to conduct a proper examination and that Dr. Ford deviated from the applicable standard of care. Plaintiff further alleges that Stansel died as a proximate result of Dr. Ford's negligence. This claim falls within the specific parameters addressed by this statute. Therefore, the Court holds that this action is controlled by the Medical Malpractice Statute. *Wertz v. Grubbs*, 245 Va. 67, 73.

Plaintiff also asserts the continuous treatment doctrine to allege that Dr. Ford's treatment of the decedent on November 30, 1992, and Dr. Palace's treatment on December 4, 1992, constitute "continuous treatment." Virginia is committed to the rule that the right to sue begins to run when the wrong is done and not when the plaintiff discovers that he has been damaged. *Hawks v. DeHart*, 206 Va. 810, 146 S.E.2d 187 (1966). However, the continuous treatment doctrine provides that where malpractice has occurred during a continuous and substantially uninterrupted course of treatment, the cause of action for malpractice accrues when the improper treatment terminates. *Farley v. Goode*, 219 Va. 969, 252 S.E.2d 594 (1979). Here, the Court is not satisfied that the examinations by two different Capital Emergency Associates' doctors constitute "continuous and substantially uninterrupted treatment."

In *Farley*, the court held that the defendant's performance of extensive dental work on the plaintiff over three consecutive years constituted "continuous treatment." Here, there are two isolated incidents, involving two different doctors in emergency room situations. Neither of these doctors were the patient's regular practitioner, nor were the visits continuous. Upon that background, the Court holds these facts insufficient to prove the continuing treatment doctrine applicable.

The statute of limitations for Plaintiff's medical malpractice claim against Dr. Ford began to run on November 30, 1992, and expired on November 30, 1994. The present action was not filed until December 2, 1994, two days after the statute of limitations expired. Virginia Code § 8.01-243(a). For the reasons stated, the Court sustains Dr. Ford's Plea in Bar.

Capital Emergency Associates' Plea in Bar is denied. As the employer, Capital Emergency Associates may be liable for the actions of Dr. Palace,

who treated the decedent on the date of her death. In that case, the statute of limitations began to run on December 4, 1992, and expired on December 4, 1994. Here, the action was filed on December 2, 1994, two days before the statute of limitations expired.