COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Bray and
          Senior Judge Overton[*]
Argued at Norfolk, Virginia


COMMONWEALTH OF VIRGINIA,
 DEPARTMENT OF MOTOR VEHICLES
                                        OPINION BY
v.        Record No. 0195-98-1     JUDGE RICHARD S. BRAY
                                       MARCH 2, 1999
KEITH WALLACE


              FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                      Christopher W. Hutton, Judge

              Jeffrey A. Spencer, Assistant Attorney
              General (Mark L. Earley, Attorney General, on
              brief), for appellant.

              Joseph M. DuRant (Cumming, Hatchett & Jordan,
              on brief), for appellee.


     Keith Wallace (Wallace) was administratively declared an

habitual offender by the Commissioner (Commissioner) of the

Department of Motor Vehicles (DMV) in accordance with Code

§ 46.2-352(A), and his privilege to operate motor vehicles was

revoked by attendant order.  Upon notification of the order,

Wallace petitioned the trial court pursuant to Code

§ 46.2-352(B), seeking a "judicial hearing and determination

. . . that [he] is not an habitual offender."

     Following an ore tenus hearing, the court found that one

among the three predicate convictions necessary to Wallace's

     [*]Judge Overton participated in the hearing and decision of
this case prior to the effective date of his retirement on
January 31, 1999 and thereafter by his designation as a senior
judge pursuant to Code § 17.1-401, recodifying Code
§ 17-116.01:1.

habitual offender determination "arose out of a suspension for nonpayment of costs and fines" and that "payment had been made." Relying upon Code § 46.2-355(iii), the court concluded that Wallace was "not an habitual offender" and restored his privileges. DMV appeals, arguing that Code § 46.2-355(iii) permits such relief only when "all of the convictions . . . used as 'qualifying offenses' to determine the individual an habitual offender" are exempted from consideration by the statute. We agree and reverse the disputed order of the trial court.

It is uncontroverted that Wallace had previously been convicted of three separate offenses which, together, facially identified him as an habitual offender in accordance with Code § 46.2-351.[1] As a result, Code § 46.2-352 directed the Commissioner to "cause the [DMV] records to indicate that [Wallace had] been determined to be an habitual offender and

_____

[1]In pertinent part, Code § 46.2-351 defines an habitual offender as

> any resident or nonresident person whose record . . . shows that he has accumulated . . . convictions . . . for separate offenses, committed within a ten-year period, . . . as follows:
>   1.  Three or more convictions, . . . singularly or in combination of the following separate offenses arising out of separate acts:
>
> *       *       *       *       *       *       *
>
>   c.  Driving a motor vehicle while his license, permit, or privilege to drive . . . has been suspended or revoked . . . .

. . . revoke [his] driver's license for the period of time specified in § 46.2-356."  Code § 46.2-352(A).  In further compliance with the statute, the Commissioner was required to "immediately notify [Wallace] of the revocation and of his right to file a petition and request a hearing" before "the circuit court . . . for . . . determination by the court that [Wallace] is not an habitual offender."  Code § 46.2-352.

Wallace elected to pursue judicial review and initiated the instant proceeding by petition in the trial court.  Evidence at the related hearing disclosed a conviction in the New Kent County General District Court for "Driving Under Revocation Or Suspension," a violation of Code § 46.2-395, as one of the three offenses indispensable to the Commissioner's determination that Wallace was an habitual offender.  See Code § 46.2-351(1)(c).  The evidence further established that the New Kent County conviction was "based on a suspension that occurred for failing to pay fines and costs, . . . now paid."

Relying upon Code § 46.2-355(iii),[2] Wallace argued before the trial court that a person is not an habitual offender if one

---

[2]Code § 46.2-355 provides, in pertinent part, that

> [i]f . . . the court finds that the person
> . . . (iii) has qualifying offenses based
> solely upon convictions as set out in
> subdivision 1 c of § 46.2-351 resulting from
> a suspension or revocation ordered pursuant
> to § 46.2-395 for failure to pay fines and
> costs . . . and has paid in full all
> outstanding fines, costs and judgments, . . .
> relating to such convictions, the court shall
> enter an order finding that the person is not

of the "qualifying offenses" specified by Code § 46.2-351(1)(c) was predicated upon a conviction which arose from a suspension or revocation exempted by statute.  The trial court agreed, finding Code § 46.2-355(iii) "ambiguous as to whether [it] applied to all qualifying offenses or any one of the qualifying offenses," and restored Wallace's privilege to drive as a result of the single New Kent County conviction.  On appeal, DMV asserts that Code § 46.2-355(iii) clearly provides relief from an habitual offender determination only when <u>all</u> "qualifying offenses" were convictions dependent upon those suspensions or revocations specifically embraced by the statute.

Assuming, without deciding, that Code § 46.2-355(iii) is ambiguous, the basic tenets of statutory construction require us to "ascertain and give effect to legislative intent."  <u>Branch v. Commonwealth</u>, 14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1992) (citations omitted).  A statute must be construed "to give reasonable effect to the words used" and to further its remedial purposes.  <u>Mayhew v. Commonwealth</u>, 20 Va. App. 484, 489, 458 S.E.2d 305, 307 (1995) (citation omitted).  Proper construction seeks to harmonize the provisions of a statute both internally, <u>see</u> <u>Mejia v. Commonwealth</u>, 23 Va. App. 173, 176-77, 474 S.E.2d 866, 868 (1996) (<u>en</u> <u>banc</u>), and in relation to other statutes.

_____

         an habitual offender and, unless otherwise
         prohibited, restoring his privilege to drive.

(Emphasis added).

– 4 –

See Newton v. Commonwealth, 21 Va. App. 86, 90, 462 S.E.2d 117, 119 (1995).

We recognize that, "[a]lthough [an habitual offender determination] is a civil proceeding, its effect is to impose a forfeiture . . . [and,] [t]herefore, the operative statute must be strictly construed against the Commonwealth." Hoye v. Commonwealth, 12 Va. App. 587, 589, 405 S.E.2d 628, 629 (1991). However, strict construction cannot thwart clear legislative intent or justify an absurd result. See Gwaltney v. Commonwealth, 19 Va. App. 468, 475, 452 S.E.2d 687, 691 (1995).

The words chosen by the legislature in drafting a statute derive meaning from both definition and context and, therefore, we divine legislative intent by construing an enactment as a whole, together with companion statutes, if any. The legal maxim, noscitur a sociis, instructs that "a word takes color and expression from the purport of the entire phrase of which it is a part, and . . . must be read in harmony with its context." Turner v. Commonwealth, 226 Va. 456, 460, 309 S.E.2d 337, 339 (1983). Similarly, legislative purpose can best be "'ascertained from the act itself when read in the light of other statutes relating to the same subject matter.'" Moreno v. Moreno, 24 Va. App. 190, 197, 480 S.E.2d 792, 796 (1997) (citation omitted). The doctrine of pari materia teaches that "'statutes are not to be considered as isolated fragments of law, but as a whole, or as parts of a great, connected homogenous system, or a simple and

complete statutory arrangement.'"  Id. at 198, 480 S.E.2d at 796

(citation omitted).

Code § 46.2-355 is an integral component to a legislative

scheme intended

> to provide maximum safety for all persons
> using the highways; to deny the privilege of
> operating motor vehicles to persons who by
> their record have demonstrated their
> indifference to the safety of others and
> their disrespect for the laws of the state
> and the orders of its courts; to discourage
> repetition of criminal acts by individuals;
> and to impose increased and added deprivation
> of the privilege to operate motor vehicles
> upon habitual offenders who have been
> convicted repeatedly of violations of traffic
> laws.

Whorley v. Commonwealth, 215 Va. 740, 745-46, 214 S.E.2d 447, 451

(1975).  Code § 46.2-351 identifies those convictions arising

from unlawful conduct deemed inconsistent with this legislative

purpose.  Thus, Code § 46.2-355 is properly read only when

juxtaposed with Code § 46.2-351 and companion enactments.

Accordingly, the parties acknowledge that the "qualifying

offenses" contemplated by Code § 46.2-355(iii) are those

violations specified in Code § 46.2-351 which define the putative

habitual offender then before the court.  By describing such

"qualifying offenses" plurally, the legislature clearly intended

to include all predicate offenses which brought the person within

the purview of Code § 46.2-351.  In this context, we consider the

entire statutory phrase, "has qualifying offenses based solely

upon convictions as set out in subdivision 1 c of § 46.2-351

resulting from a suspension or revocation ordered pursuant to

- 6 -

§ 46.2-395 for failure to pay fines and costs . . . ."  Code
§ 46.2-355(iii) (emphasis added).  Thus, properly construed, the
statute provides that no person may be declared an habitual
offender when all "qualifying offenses" resulted from convictions
specified in Code § 46.2-351(1)(c), provided the underlying
suspension or revocation in each instance resulted from
nonpayment of fines and costs, now fully satisfied.[3]

This construction of Code § 46.2-355(iii) is made more
apparent by Code § 46.2-361(B), a companion statute which
provides that "[a]ny person who has been found to be an habitual
offender . . . based entirely upon convictions as set out in
[Code § 46.2-351(1)(c)], may, after payment in full of all
outstanding fines [and] costs relating to his determination,
. . . petition the court" for restoration of privileges.  Code
§ 46.2-361(B) (emphasis added).  In contrast, "[a]ny person who
has been found . . . an habitual offender . . . based in part and
dependent on a conviction as set out in [Code § 46.2-351(1)(c)]"
may not petition for restoration for three years from the final
order.  Code § 46.2-361(A) (emphasis added); see Commonwealth v.
Lynn, ___ Va. App. ___, ___, ___ S.E.2d ___, ___ (1999);
Commonwealth v. Brown, 28 Va. App. 781, 787, 508 S.E.2d 916, 919
(1999).  Thus, consonant with Code § 46.2-355(iii), Code
§ 46.2-361(B) provides a procedure to immediately restore the

_____

[3] "[F]ailure to furnish proof of financial responsibility,"
additional conduct embraced by Code § 46.2-355(iii), is not in
issue.

privileges of any person already declared an habitual offender whenever <u>all</u> "qualifying convictions" resulted from a failure to pay fines and costs and such obligations are subsequently paid and satisfied.[4]

The trial court, therefore, erroneously determined that Wallace, a person with only one "qualifying offense" contemplated by Code § 46.2-355(iii), was not an habitual offender. Accordingly, we reverse the order and remand the proceedings to the trial court for disposition consistent with this opinion.

<u>Reversed and remanded.</u>

_____

[4]Under Wallace's construction of Code § 46.2-355(iii), Code § 46.2-361(A) would require a person wrongfully determined an habitual offender to wait three years for restoration, an absurd result.