COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Elder and Senior Judge Cole
Argued at Salem, Virginia


COMMONWEALTH OF VIRGINIA
                                        MEMORANDUM OPINION[*] BY
v.    Record No. 0563-99-4               JUDGE LARRY G. ELDER
                                           FEBRUARY 15, 2000
RICHARD JOHN BEARGIE


            FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
                  William Shore Robertson, Judge

            (Mark L. Earley, Attorney General; Jeffrey A.
            Spencer, Assistant Attorney General, on
            brief), for appellant.

            No brief or argument for appellee.


     Pursuant to Code § 46.2-362, the Commonwealth appeals from

an order entered by the Fauquier County Circuit Court on

January 8, 1999, declaring that Richard John Beargie "is not an

habitual offender."  On appeal, the Commonwealth contends the

court erred in restoring Beargie's driving privilege pursuant to

former Code § 46.2-355(iii) because the statute allowing

restoration required that the qualifying convictions be based

solely on certain enumerated offenses and only one of Beargie's

convictions was for a qualifying offense.  We agree and reverse

and vacate the circuit court's order of January 8, 1999, which

restored Beargie's privilege to drive.

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

On February 18, 1998, the Department of Motor Vehicles declared Beargie an habitual offender (H.O.) and revoked his driving privileges indefinitely, effective March 25, 1998. It is undisputed that declaration was based on Beargie's convictions for the following three offenses committed from 1990 to 1997: (1) driving while intoxicated in violation of Code § 18.2-266; (2) driving on a license suspended for failure to provide proof of financial responsibility in violation of Code § 46.2-302; and (3) driving under a revoked or suspended license in violation of Code § 46.2-301.

Beargie challenged the H.O. declaration, arguing it was invalid because one of his convictions resulted from driving while under a suspension for failure to furnish proof of financial responsibility, an offense included in Code § 46.2-355(iii). The circuit court agreed and held that because Beargie had since provided the required proof of financial responsibility, he was entitled to have his driving privilege restored.

Former Code § 46.2-355 provided in relevant part as follows:

> If, pursuant to the show cause proceeding or the hearing as provided for in § 46.2-351.2 or § 46.2-354, the court finds that the person (i) is not the same person named in the transcript or abstract, (ii) is not an habitual offender under this article, or (iii) <u>has qualifying offenses based solely upon convictions as set out in subdivision 1c of § 46.2-351 resulting from a suspension</u>

-

> or revocation ordered pursuant to § 46.2-395
> for failure to pay fines and costs, or
> § 46.2-459 for failure to furnish proof of
> financial responsibility, and has paid in
> full all outstanding fines, costs and
> judgments, or if applicable has furnished
> proof of financial responsibility, relating
> to such convictions, the court shall enter
> an order finding that the person is not an
> habitual offender and, unless otherwise
> prohibited, restoring his privilege to
> drive.

Id. (emphasis added).

We considered the meaning of this code section in Commonwealth v. Wallace, 29 Va. App. 228, 511 S.E.2d 423 (1999), in which the circuit court restored the driving privilege of a person declared an H.O. based in part on a conviction for driving "on a suspension . . . for failing to pay fines and costs, . . . now paid." Id. at 232, 511 S.E.2d at 425. Our opinion did not disclose the nature of the other two predicate offenses but made clear that they were not offenses specified in former Code § 46.2-355(iii). See id. at 235 & n.3, 511 S.E.2d at 426 & n.3. We held in Wallace that the trial court "erroneously determined that . . . a person with only one 'qualifying offense' contemplated by Code § 46.2-355(iii) . . . was not an habitual offender." Id. at 235, 511 S.E.2d at 425. Although no other "qualifying offenses" listed in Code § 46.2-355(iii) were at issue in Wallace, we noted that driving on a suspension for "failure to furnish proof of financial

-

responsibility" was "additional conduct embraced by Code

§ 46.2-355(iii)."  Id. at 235 n.3, 511 S.E.2d at 426 n.3.

The reasoning of Wallace is equally applicable here.  Only
one of Beargie's convictions was for a qualifying offense listed
in Code § 46.2-355(iii)--driving while his license to operate a
motor vehicle was suspended for failure to furnish proof of
financial responsibility.  Beargie was entitled to have his
driving privileges restored after furnishing proof of financial
responsibility only if his H.O. declaration was based solely on
qualifying offenses listed in Code § 46.2-355(iii).  Because it
was not, the trial court erred in restoring his privilege to
drive.

For these reasons, we reverse and vacate the order of the
circuit court restoring Beargie's privilege to drive, and we
remand for entry of an appropriate order pursuant to former Code
§ 46.2-355.

Reversed, vacated and remanded.

-