Marvin Ellis

   v.

Peter J. Lupica

July 30, 2001

Case No. (Law) L00-1130

By Judge Charles E. Poston

The issue presented in the defendant's plea of the statute of limitations is simply stated: may a plaintiff represented by an attorney who is a member of the General Assembly maintain an action filed sixteen days before the General Assembly convened if the statute of limitations would have run within the period commencing thirty days before the General Assembly convened? For the following reasons, the Court holds that the action may be maintained and overrules the defendant's special plea.

The facts, of course, consist primarily of a number of dates on which actions were performed or events occurred:

1. December 22, 1996: the date on which the plaintiff allegedly suffered injury in an automobile/pedestrian accident in Chesapeake, Virginia. This is the date on which the cause of action accrued.

2. December 27, 1996: the date on which the plaintiff retained William P. Robinson, Jr., Esquire, to represent him in the matter. Mr. Robinson was then and remains a member of the Virginia General Assembly.

3. December 28, 1998: the date on which the plaintiff's original motion for judgment was filed in this court.[1]

4. The General Assembly convened on January 13, 1999, sixteen days after the filing of the original motion for judgment.

The parties agree that the governing statute of limitations is found at Virginia Code § 8.01-243(A) and that the applicable period is two years.

The plaintiff concedes that the statute of limitations would normally have expired on December 22, 1998. Nevertheless, he argues that his action is not barred thereby because of Virginia Code § 30-5, which reads in pertinent part:

> [A]ny pleading or the performance of any act *relating thereto* required to be filed or performed by any statute or rule during the period beginning thirty days prior to the commencement of the [General Assembly] session and ending thirty days after any such session shall be extended until not less than thirty days after any such session.

(Emphasis supplied.) Since the statute of limitations would have run before the action was filed, *but* thirty days before the session commenced, the plaintiff says his action was timely filed because Virginia Code § 30-5, in effect, extended the statute of limitations.

The Supreme Court in *Hudgins v. Hall*, 183 Va. 577, 582, 32 S.E.2d 715, 719 (1945), observed that "[t]he language of the statute is clear, absolute, and unequivocal. It needs no construction or interpretation. It is a peremptory statute, designed to prevent embarrassment and conflict to a member of the General Assembly in the performance of his public and private duties." Viewed from the perspective of the facts of this case, the statute is significantly less clear than the *Hudgins* court observed. "[T]he province of [statutory] construction lies wholly within the domain of ambiguity, and that which is plain needs no interpretation." *Rasmussen v. Commonwealth*, 31 Va. App. 233, 238, 522 S.E.2d 401, 403 (1999) (quoting *Coleman v. Commonwealth*, 27 Va. App. 768, 773, 501 S.E.2d 461, 463 (1998)). "[L]anguage is ambiguous if it can be understood in more than one way . . . and divergent interpretations tend to show that a statute's meaning is difficult to ascertain." *Simerly v. Commonwealth*, 29 Va. App. 710, 714, 514 S.E.2d

---

[1]  The first motion for judgment was nonsuited on April 6, 2000, and a second was filed on May 19, 2000. If the statute of limitations bars the first motion for judgment, the second is likewise barred.

387, 389, (1999) (quoting *Virginia-American Water Co. v. Prince William Serv.*, 246 Va. 509, 514, 436 S.E.2d 618, 621 (1993)). The defendant argues that Code § 30-5 allows for continuances only in ongoing litigation. The plaintiff, however, argues that the second sentence of the statute protects counsel from the requirements of any rule whatsoever during the defined time period. Counsel's divergent interpretations of Code § 30-5, each of which is logical, serve as the basis for the court's invocation of the rules of statutory construction.

When interpreting a statute, the court must "consider the entire statute and not just a part." *Wertz v. Grubbs*, 245 Va. 67, 70, 425 S.E.2d 500, 501 (1993). Furthermore, "words in a statute are to be construed according to their ordinary meaning, given the context in which they are used." *Virginia Beach v. Board of Supervisors*, 246 Va. 233, 236, 435 S.E.2d 382, 384 (1993). Considered alone, the second sentence of Code § 30-5 seems to imply that the statute protects every type of pleading and action within the designated time period. When considered in relation to the rest of the statute, ambiguity rises out of the phrase "relating thereto." The legal maxim *noscitur a sociis* "instructs that a word takes on the color and expression from the purport of the entire phrase of which it is a part, and . . . must be read in harmony within its context." *Commonwealth v. Wallace*, 29 Va. App. 228, 233, 511 S.E.2d 423, 425 (1999) (citing *Gwaltney v. Commonwealth*, 19 Va. App. 468, 475, 452 S.E.2d 687, 691 (1995)). Nor is a statute "to be construed by singling out a particular phrase." *Virginia Elec. and Power Co. v. Citizens for Safe Power*, 222 Va. 866, 868, 284 S.E.2d 613, 615 (1981) (citing *Commonwealth Natural Resources, Inc. v. Commonwealth*, 219 Va. 529, 536, 248 S.E.2d 791, 795 (1978)).

The cardinal rule of statutory interpretation requires the court to discern and give effect to the intention of the legislature. "The primary objective of statutory construction is to ascertain and give effect to legislative intent." *Commonwealth v. Zamani*, 256 Va. 391, 395, 507 S.E.2d 608, 609 (1998) (citing *Turner v. Commonwealth*, 226 Va. 456, 459, 309 S.E.2d 337, 338 (1983)). "If the several provisions of a statute suggest a potential conflict or inconsistency, we construe those provisions so as to reconcile them and give full effect to the expressed legislative intent." *Herrel v. Commonwealth*, 28 Va. App. 579, 585, 507 S.E.2d 633, 636 (1998) (citing *Mejia v. Commonwealth*, 23 Va. App. 173, 176-77, 474 S.E.2d 866, 868 (1996) (*en banc*)).

The court "may resort to the statutory history and to the enactment process to ascertain legislative intent" in cases such as the present where the statute is ambiguously worded as it is presently written in the Code. *Boyd v.*

*Commonwealth*, 236 Va. 346, 349, 347 S.E.2d 301, 302 (1988) (citing *American Airlines, Inc. v. Battle*, 181 Va. 1, 8, 23 S.E.2d 796, 800 (1943)). A comparison of Va. Code § 30-5 to its original incarnation as Va. Code § 298 (1906) leads one to conclude that the legislature intended the statute to apply as broadly as possible when it added the second sentence in 1952. The Court must presume "that recodified statutes are not substantively changed unless a contrary intent plainly appears in the revised statute." *State Farm Mut. Auto. Ins. Co. v. Major*, 239 Va. 375, 378, 389 S.E.2d 307, 308 (1990) (citing *Chapman v. Richardson*, 123 Va. 388, 391, 96 S.E. 776, 777 (1918)). The different intent is plain in the greatly expanded subject matter of the revisions. Prior to the 1952 amendment that added the second sentence to Code § 30-5, the statute's exclusive domain lay merely within the bounds of continuances. 1952 Va. Acts ch. 234 (amending Va. Code Ann. § 30-5 (Michie 1950)). In fact, the court in *Hudgins* observed the crystalline nature of Code § 30-5 before the legislature added the ambiguous language. The addition of the second sentence with all-inclusive language to the narrowly focused original statute demonstrates plain legislative intent to extend the reach of the statute beyond the original scope of the act as originally enacted.

Breadth of a statute alone generates no ambiguity. "Broadly inclusive language in a statute is not ambiguous if the legislature's objective requires such language." *Alliance to Save the Mattaponi v. Commonwealth ex rel. State Water Control Board*, 30 Va. App. 690, 697, 519 S.E.2d 413, 417 (1999). The legislature's stated objective in Code § 30-5 is "to prevent embarrassment and conflict to a member of the General Assembly in the performance of his public and private duties." *Hudgins* at 583, 32 S.E.2d at 718. In order to meet such an end, the legislature must have intentionally drafted the statute to be expansive and include all types of court filings as well as continuances. What other meaning can one attach to the phrase, "any pleading or the performance of any act"? Additionally, "strict construction cannot thwart clear legislative intent or justify an absurd result." *Wallace*, 19 Va. App. at 233, 511 S.E.2d at 425. If the Defendant's restrictive interpretation of the statute were accurate, there would have been no need for the General Assembly to add the second sentence. The court cannot exclude the first pleading in an action, the motion for judgment, from the statute's categorization of "any act . . . required to be performed by any rule" without creating an unrealistic result.

One of the traditional canons of construction teaches that statutes are to be viewed *in pari materia*, that is, "statutes are not to be considered as isolated fragments of law but as a whole, or as parts of a great, connected, homogenous system, or as a simple and complete statutory arrangement." *Wallace* at 234,

425 S.E.2d at 426 (quoting *Moreno v. Moreno*, 24 Va. App. 190, 197, 480 S.E.2d 792, 796 (1997)). At first blush the statute within its four corners seems to suggest, as the defendant argues, that its tolling effect isolates only pleadings and acts in actions already commenced. The settled rules of statutory construction show, however, that the legislature intended that section to touch every type of filing, not merely those specifically relating to continuances. Were this not so, the statute as originally enacted would have sufficed.

In this matter, plaintiff's counsel was retained before the statute of limitations expired. Common sense dictates the conclusion that retaining an attorney who is a General Assembly member *after* the statute of limitations had expired would not trigger the provisions of Virginia Code § 30-5. When the plaintiff's attorney filed the motion for judgment on December 28, 1998, that portion of § 30-5 providing "the performance of any act . . . required to be . . . performed by any statute or rule beginning thirty days prior to the commencement of the session . . . shall be extended until not less than thirty days after any such session," in effect, extended the period.

Even though the statute of limitations is jurisdictional, it may be argued further that Code § 30-5 cannot be used to extend a time limit that is jurisdictional. The application of Code § 30-5 to the statute of limitations is consistent with the Supreme Court's action in *Hartsock v. Powell*, 199 Va. 320, 99 S.E.2d 581 (1957), in which a notice of appeal and assignments of error were filed two days past the sixty day period prescribed by then existing Rule 5:1, § 4, also a jurisdictional rule. The Supreme Court held that Code § 30-5 extended the filing time until thirty days after the General Assembly adjourned. *See id.* at 322, 99 S.E.2d at 583. It would be inconsistent to hold that Code § 30-5 could be applied to one jurisdictional rule and not another, particularly when the language in Code § 30-5 clearly specifies that the extension applies to performance of *any* act required to be performed under *any* rule.

The Court finds that under the circumstances, the December 28, 1998, motion for judgment was timely filed and will overrule the plea of the statute of limitations. The Court is well aware that this holding gives a certain group of plaintiffs, i.e., those represented by attorneys who are members of the General Assembly, a longer time to file an action than is available to others. Such an effect, the preference of one group of litigants over others with respect to strictly enforced time limits, may be distasteful to some. But, as the Supreme Court has said, Code § 30-5 "is preemptory and designed to prevent embarrassment and conflict to a member of the General Assembly in the performance of public and private duties." *Hudgins* at 582, 32 S.E.2d at 719

(1945). Any change in the Statute's effect must come from the General Assembly.