518

## CIRCUIT COURT OF THE CITY OF NORFOLK

Robin T. Rich-McGhie,
Administratrix of the Estate of
William O. Rich,
deceased

v.

City of Portsmouth,
Leonard Cook,
and unnamed police officers of the
Police Department of the
City of Portsmouth

July 11, 2002

Case No. (Law) L01-2568

BY JUDGE CHARLES D. GRIFFITH, JR.

On October 11, 2001, Plaintiff Robin T. Rich-McGhie, administratrix of the estate of William O. Rich, deceased, filed a Motion for Judgment, in which she moved for judgment against the following Defendants: the City of Portsmouth ·(Portsmouth), Leonard Cook, Chief of Police, and unnamed officers of the Portsmouth Police Department (the Officers). In her Motion, Plaintiff alleges that the Officers, who were acting within the scope of their employment with Portsmouth, allegedly acted in a grossly negligent manner

by pursuing Plaintiff's decedent into the City of Norfolk, resulting in his death. Plaintiff claims that Defendants Portsmouth and Cook are also liable for negligence, the former as the Officers' employer and the latter for allegedly failing to adequately train them.

The relevant facts, as alleged in Plaintiff's Motion for Judgment, are as follows. On June 27, 1999, in the City of Portsmouth, the Officers attempted a traffic stop of Plaintiff's decedent. Mot. for J., ¶¶ 5-6. After Plaintiff's decedent refused to comply, the Officers pursued him, and their pursuit ended near Harbor Park in the City of Norfolk. *Id.*, ¶ 7. Plaintiff claims that the alleged negligence of Defendants in this pursuit resulted in the death of her decedent. *Id.*, ¶¶ 8, 11.

On October 31, 2001, all of the Defendants filed a Special Plea, alleging that Plaintiff's Motion for Judgment was not filed during the applicable two-year statute of limitations. On the same date, Defendant Portsmouth filed a Special Plea claiming governmental immunity. On May 17, 2002, Defendants Portsmouth and Cook filed a Special Plea alleging lack of a legal duty. A hearing regarding each Special Plea was held before this Court on June 21, 2002. As the parties have conceded the governmental immunity issue, that Special Plea is sustained, and the City of Portsmouth is dismissed from this action. This Opinion shall address the remaining issues, the statute of limitations and alleged lack of legal duty.

## Statute of Limitations

In Virginia, the defendant bears the burden of proving facts necessary to prevail on a special plea of the statute of limitations. *Lo v. Burke*, 249 Va. 311, 316, 455 S.E.2d 9, 12 (1995). In the instant case, Defendants allege that the cause of action set forth in Plaintiff's Motion for Judgment did not accrue at any time within the two years preceding the commencement of the action, and it is therefore barred by the applicable statute of limitations. The applicable statutory period of limitation is set forth in Virginia Code § 8.01-244, which states that wrongful death actions must be brought by the decedent's personal representative within two years after the death of the injured person. Va. Code Ann. § 8.01-244 (Michie 2000). In this case, the limitations period expired on June 27, 2001, and Plaintiff's Motion for Judgment was not filed until October 11, 2001. As such, upon initial review, Defendants appear to have met their burden.

Plaintiff nevertheless argues that her action was timely filed. Upon filing the Motion for Judgment, Plaintiff's attorney, William P. Robinson, Jr., included a letter referring to Virginia Code § 30-5, which allows additional filing time for matters involving parties represented by attorneys who are members of the General Assembly. Robinson, who was a Delegate at the time the Motion was filed, stated in the letter that the General Assembly of Virginia was in a redistricting session from April 5, 2001, through and past the filing date.

The first sentence of § 30-5 refers to continuances as a matter of right. The remaining portion of the statute is pertinent to the instant case:

> [A]ny pleading or the performance of any act relating thereto required to be filed or performed by any statute or rule during the period beginning thirty days prior to the commencement of the [General Assembly] session and ending thirty days after any such session shall be extended until not less than thirty days after any such session. The failure of any court … to allow such continuance when requested to do so or the returning of such filing or act during the period hereinabove specified shall constitute reversible error.

Va. Code Ann. § 8.01-230 (Michie 2001). This section makes no distinction between regular and special sessions. *Upshur v. Haynes Furn. Co.*, 228 Va. 595, 597, 324 S.E.2d 653, 654 (1985). Since the statutory limitations period expired before the action was filed, but after the redistricting session commenced, Plaintiff claims that her action was timely filed because § 30-5, in effect, extended the applicable statute of limitations.

According to the Supreme Court of Virginia, "[t]he language of [§ 30-5] is clear, absolute, and unequivocal. It needs no construction or interpretation. It is a peremptory statute, designed to prevent embarrassment and conflict to a member of the General Assembly in the performance of his public and private duties." *Hudgins v. Hall*, 183 Va. 577, 582, 32 S.E.2d 715, 719 (1945). However, when viewed from the perspective of the facts of this case, the statute requires further interpretation because it appears ambiguous. "[T]he province of [statutory] construction lies wholly within the domain of ambiguity, and that which is plain needs no interpretation." *Rasmussen v. Commonwealth*, 31 Va. App. 233, 238, 522 S.E.2d 401, 403 (1999) (quoting *Coleman v. Commonwealth*, 27 Va. App. 768, 773, 501 S.E.2d 461, 463

(1998)). "[L]anguage is ambiguous if it can be understood in more than one way … and divergent interpretations tend to show that a statute's meaning is difficult to ascertain." *Simerly v. Commonwealth*, 29 Va. App. 710, 714, 514 S.E.2d 387, 389 (1999) (quoting *Virginia-American Water Co. v. Prince William Serv.*, 246 Va. 509, 514, 436 S.E.2d 618, 621 (1993)). Therefore, the Court shall determine the applicability of § 30-5 to statutes of limitations using the rules of statutory construction.

When interpreting a statute, a court must "consider the entire statute and not just a part." *Wertz v. Grubbs*, 245 Va. 67, 70, 425 S.E.2d 500, 501 (1993). Furthermore, "words in a statute are to be construed according to their ordinary meaning, given the context in which they are used." *Virginia Beach v. Board of Supervisors*, 246 Va. 233, 236, 435 S.E.2d 382, 384 (1993). Considered alone, the second sentence of Va. Code § 30-5 seems to imply that the statute protects every type of pleading and action within the designated time period. When considered in relation to the rest of the statute, which addresses continuances of pending matters, ambiguity rises out of the phrase "relating thereto." The legal maxim *noscitur a sociis* "instructs that a word takes on the color and expression from the purport of the entire phrase of which it is a part, and … must be read in harmony within its context." *Commonwealth v. Wallace*, 29 Va. App. 228, 233, 511 S.E.2d 423, 425 (1999) (citing *Gwaltney v. Commonwealth*, 19 Va. App. 468, 475, 452 S.E.2d 687, 691 (1995)). Nor is a statute "to be construed by singling out a particular phrase." *Virginia Elec. and Power Co. v. Citizens for Safe Power*, 222 Va. 866, 868, 284 S.E.2d 613, 615 (1981) (citing *Commonwealth Natural Resources, Inc. v. Commonwealth*, 219 Va. 529, 536, 248 S.E.2d 791, 795 (1978)).

The cardinal rule of statutory construction requires the court to discern and give effect to the intention of the legislature. "The primary objective of statutory construction is to ascertain and give effect to legislative intent." *Commonwealth v. Zamani*, 256 Va. 391, 395, 507 S.E.2d 608, 609 (1998) (citing *Turner v. Commonwealth*, 226 Va. 456, 459, 309 S.E.2d 337, 338 (1983)). "If the several provisions of a statute suggest a potential conflict or inconsistency, we construe those provisions so as to reconcile them and give full effect to the expressed legislative intent." *Herrel v. Commonwealth*, 28 Va. App. 579, 585, 507 S.E.2d 633, 636 (1998) (citing *Mejia v. Commonwealth*, 23 Va. App. 173, 176-77, 474 S.E.2d 866, 868 (1996) (en banc)).

The court "may resort to the statutory history and to the enactment process to ascertain legislative intent" in cases such as the present where the statute is ambiguously worded as it is presently written in the Code. *Boyd v. Commonwealth*, 236 Va. 346, 349, 347 S.E.2d 301, 302 (1988) (citing *American Airlines, Inc. v. Battle*, 181 Va. 1, 8, 23 S.E.2d 796, 800 (1943)). A comparison of Va. Code § 30-5 to its original incarnation as Va. Code § 298 (1906) leads one to conclude that the legislature intended the statute to apply as broadly as possible when it added the second sentence in 1952. The Court must presume "that recodified statutes are not substantively changed unless a contrary intent plainly appears in the revised statute." *State Farm Mut. Auto Ins. Co. v. Major*, 239 Va. 375, 378, 389 S.E.2d 307, 308 (1990) (citing *Chapman v. Richardson*, 123 Va. 388, 391, 96 S.E. 776, 777 (1918)). The different intent is plain in the greatly expanded subject matter of the revisions. Prior to the 1952 amendment that added the second sentence to Va. Code § 30-5, the statute's exclusive domain lay merely within the bounds of continuances. 1952 Va. Acts, ch. 234 (amending Va. Code Ann. § 30-5 (Michie 1950)). In fact, the court in *Hudgins* observed the crystalline nature of Va. Code § 30-5 before the legislature added the ambiguous language. The addition of the second sentence with all-inclusive language to the narrowly focused original statute demonstrates plain legislative intent to extend the reach of the statute beyond the original scope of the act as originally enacted.

Breadth of a statute alone generates no ambiguity. "Broadly inclusive language in a statute is not ambiguous if the legislature's objective requires such language*." Alliance to Save the Mattaponi v. Commonwealth ex rel. State Water Control Bd.*, 30 Va. App. 690, 697, 519 S.E.2d 413, 417 (1999). The legislature's stated objective in Va. Code § 30-5 is "to prevent embarrassment and conflict to a member of the General Assembly in the performance of his public and private duties." *Hudgins* at 583, 32 S.E.2d at 718. In order to meet such an end, the legislature must have intentionally drafted the statute to be expansive and include all types of court filings as well as continuances. What other meaning can one attach to the phrase "any pleading or the performance of any act"? Additionally, "strict construction cannot thwart clear legislative intent or justify an absurd result." *Wallace*, 19 Va. App. at 233, 511 S.E.2d at 425. If a more restrictive interpretation of the statute were accurate, there would have been no need for the General Assembly to add the second sentence. The court cannot exclude the first pleading in an action, the motion for judgment, from the statute's

categorization of "any act … required to be performed by any rule" without creating an unrealistic result.

One of the traditional canons of construction teaches that statutes are to be viewed *in pari materia*, that is, "statutes are not to be considered as isolated fragments of law but as a whole, or as parts of a great, connected, homogenous system, or as a simple and complete statutory arrangement." *Wallace* at 234, 425 S.E.2d at 426 (quoting *Moreno v. Moreno*, 24 Va. App. 190, 197, 480 S.E.2d 792, 796 (1997)). At first blush, the statute within its four corners seems to suggest that its tolling effect isolates only pleadings and acts in actions already commenced. The settled rules of statutory construction show, however, that the legislature intended that section to touch every type of filing, not merely those specifically relating to continuances. Were this not so, the statute as originally enacted would have sufficed.

In this matter, Plaintiff's counsel was retained in July of 1999, which was well before the statute of limitations expired. Common sense dictates the conclusion that retaining an attorney who is a General Assembly member after the statute of limitations had expired would not trigger the provisions of Virginia Code § 30-5. When the Plaintiff's attorney filed the motion for judgment on October 11, 2001, that portion of § 30-5 providing "the performance of any act … required to be … performed by any statute or rule beginning thirty days prior to the commencement of the session … shall be extended until not less than thirty days after any such session," in effect, extended the period until thirty days after the adjournment, which did not occur until after the date of filing.

Even though the statute of limitations is jurisdictional, it may be argued further that Va. Code § 30-5 cannot be used to extend a time limit that is jurisdictional. The application of Va. Code § 30-5 to the statute of limitations is consistent with the Supreme Court's action in *Hartsock v. Powell*, 199 Va. 320, 99 S.E.2d 581 (1957), in which a notice of appeal and assignments of error were filed two days past the sixty day period prescribed by then existing Rule 5:1, § 4, also a jurisdictional rule. The Supreme Court held that Va. Code § 30-5 extended the filing time until thirty days after the General Assembly adjourned. See *id.* at 322, 99 S.E.2d at 583. It would be inconsistent to hold that Va. Code § 30-5 could be applied to one jurisdictional rule and not another, particularly when the language in Va. Code § 30-5 clearly specifies that the extension applies to performance of any act required to be performed under any rule.

The Court finds that under the circumstances of the instant case, Plaintiff's Motion for Judgment was timely filed and will overrule the plea of the statute of limitations. The Court is well aware that this holding gives a certain group of plaintiffs (i.e. those represented by attorneys who are members of the General Assembly) the advantage of having a longer time to file an action. Such an effect, the preference of one group of litigants over others with respect to strictly enforced time limits, may be distasteful to some. However, as the Supreme Court of Virginia has stated, Va. Code § 30-5 "is preemptory and designed to prevent embarrassment and conflict to a member of the General Assembly in the performance of public and private duties." *Hudgins* at 582, 32 S.E.2d at 719 (1945). Any change in the statute's effect must come from the General Assembly.

For the reasons discussed above, the Court overrules Defendants' Special Plea of the Statute of Limitations.

## Lack of Legal Duty

"There can be no actionable negligence unless there is a legal duty, a violation of the duty, and a consequent injury." *Chesapeake & Potomac Tel. Co. v. Dowdy*, 235 Va. 55, 61, 365 S.E.2d 751, 754 (1988). In their Special Plea, Defendants Portsmouth and Cook argue that Plaintiff's Motion for Judgment should be dismissed for lack of a legal duty to Plaintiff's decedent. Specifically, Defendants argue that neither may be held liable for the death unless the Court finds that the Officers had a duty to refrain from pursuing Plaintiff's decedent. Defendants further claim that the death was caused by Plaintiff's decedent's own alleged negligence and reckless efforts to elude the Officers.

Recognizing that on-duty police officers are not "ordinary" motorists, the Supreme Court of Virginia established a special standard of care for drivers of emergency police vehicles in hot pursuit of a law violator. *Smith v. Lamar*, 212 Va. 820, 824, 188 S.E.2d 72, 74-75 (1972). It is "the standard of care of a prudent man in the discharge of official duties of a like nature under like circumstances." *Id.* However, this standard does not establish a duty to refrain

---

[1] As Defendant Portsmouth has already been dismissed from this action under the conceded issue of governmental immunity, this Opinion shall only address the Special Plea of Defendant Cook.

from pursuing a fleeing law violator. If anything, it establishes a duty of care to the general public rather than to the specific person being pursued.

Regarding liability of public officials for alleged breaches of duty, the Virginia Supreme Court has stated:

> [I]n negligence claims against a public official, a distinction must be drawn between a public duty owed by the official to the citizenry at large and a special duty owed to a specific identifiable person or class of persons. Only a violation of the latter duty will give rise to civil liability of the official. To hold a public official civilly liable for violating a duty owed to the public at large would subject the official to potential liability for every action he undertook and would not be in society's best interest.

*Marshall v. Winston*, 239 Va. 315, 320, 389 S.E.2d 902, 905 (1990) (citations omitted). As Plaintiff's decedent was not a member of an identifiable class of persons to whom the Portsmouth Police Department owed a duty other than the duty owed to the general public, Defendant Cook owed him no duty that, if breached, would give rise to civil liability.

Plaintiff argues that her negligence claim is based on a breach of the Portsmouth Police Department's "internal pursuit policy." However, in Virginia, "[a] person cannot, by the adoption of private rules, fix the standard of his duty to others." *Virginia R. & P. Co. v. Godsey*, 117 Va. 167, 168, 83 S.E. 1072, 1073 (1915). This rule, which was reaffirmed in *Pullen v. Nickens*, 226 Va. 342, 310 S.E.2d 452 (1983), is based upon the public policy of encouraging, rather than discouraging, the adoption of rules requiring of employees a higher degree of care than the law imposes. As such, Plaintiff cannot base her negligence claim upon an alleged breach of "duty" based upon the internal rules and policies of the Portsmouth Police Department.

Furthermore, it is well-settled law in Virginia that voluntary participation by a Plaintiff in an illegal act precludes recovery for injuries resulting therefrom. *E.g. Lee v. Nationwide Mut. Ins. Co.*, 255 Va. 279, 282, 497 S.E.2d 328, 329 (1998) (citing *Miller v. Bennett*, 190 Va. 162, 56 S.E.2d 217 (1949)). In her Motion for Judgment, Plaintiff plainly states that her decedent did not comply with the Officers' directive. Mot. for J., ¶ 7. Such an action is illegal under Virginia Code § 46.2-817, which addresses the penalties for

disregarding the signal of a law enforcement officer to stop. As such, Plaintiff appears to be precluded from recovery.

For the above-stated reasons, it is the ruling of this Court that Defendant Cook's Special Plea is sustained, and Defendant Cook is therefore dismissed from the instant action. It is so ordered.