# George Wertz, Administrator, etc.

## v.

# Earl A. Grubbs, M.D.

Record No. 921052

January 8, 1993

Present: All the Justices

*Judith M. Cofield (Shuttleworth, Ruloff, Giordano & Kahle*, on brief), for appellant.

*Joseph P. McMenamin (F. Bradford Stillman; Richard J. Cromwell*, on brief), for appellee.

*Amicus Curiae:* Virginia Trial Lawyers Association (Christopher A. Meyer; Allen, Allen, Allen & Allen, on brief).

JUSTICE WHITING delivered the opinion of the Court.

The certified question is:

[W]hether the tolling provision of the Virginia Medical Malpractice Act, Va. Code Ann. § 8.01-581.9 (1991 Supp.), applies to the two year limitations contained in the Virginia Wrongful Death Act, Va. Code Ann. § 8.01-50 (1984) and Va. Code Ann. § 8.01-244(B) (1991 Supp.).

The following relevant facts are taken from the United States District Court's order of certification:

Plaintiff George Wertz, the personal representative and administrator of the estate of Marie Wertz, alleges that defendant, Earl A. Grubbs, is liable for medical malpractice in the treatment of his wife, the deceased. The alleged act of malpractice occurred on January 18, 1989, the day of the decedent's death. On July 24, 1990, George Wertz filed a notice of a claim with the defendant, as is required under Virginia's medical malpractice statute. On July 30, 1990, Wertz qualified as personal representative of the decedent's estate.

After receiving notice of plaintiff's claim, defendant requested review of the claim by a medical malpractice panel on September 20, 1990. The panel rendered its decision on September 23, 1991. Plaintiff then filed this wrongful death action in Portsmouth Circuit Court on October 23, 1991. Defendant removed plaintiff's action to this Court on November 26, 1991, filed an answer, and moved to dismiss on the grounds that the two year limitation period set forth in the Virginia Wrongful Death Act had expired.

In January 1989 when this cause of action arose, the Medical Malpractice Act provided in pertinent part:

No action may be brought for [medical] malpractice against a health care provider unless the claimant notifies the health care provider in writing by registered or certified mail prior to commencing the action. . . . The claimant or health care provider may within sixty days of such notification file a written request for a review by a medical malpractice review panel.

Code § 8.01-581.2(A).

The giving of notice of a claim pursuant to § 8.01-581.2 shall toll the applicable statute of limitations for a period of 120 days from the date such notice is given, or for 60 days following the date of issuance of any opinion by the medical review panel, whichever is later.

Code § 8.01-581.9.

In January 1989, the Wrongful Death Act provided in pertinent part:

Every [wrongful death] action . . . shall be brought . . . within two years after the death of the injured person. If any such action is brought within such period of two years after such person's death and for any cause abates or is dismissed without determining the merits of such action, the time such action is pending shall not be counted as any part of such period of two years and another action may be brought within the remaining period of such two years as if such former action had not been instituted.[1]

Code § 8.01-244(B).

Because these statutes conflict in certain respects, we must resort to rules of statutory construction to ascertain the legislative intent. *Moore v. Commonwealth*, 155 Va. 1, 11, 155 S.E. 635, 638 (1930). In doing so, we keep in mind that we must consider the entire statute and not just an isolated part of it. *Virginia Elec. & Power Co. v. Board of County Supervisors*, 226 Va. 382, 387-88, 309 S.E.2d 308, 311 (1983).

Dr. Grubbs contends that this case is controlled by our construction of Code § 8.01-244(B) in *Dodson v. Potomac Mack Sales & Service, Inc.*, 241 Va. 89, 400 S.E.2d 178 (1991). In holding that a general nonsuit tolling provision did not apply to a wrongful death action, this Court noted important differences between common-law and statutorily created causes of action. *Id.* at 94, 400 S.E.2d at 180-81.

---

[1] In 1991, after the decision in *Dodson v. Potomac Mack Sales & Service, Inc.*, 241 Va. 89, 400 S.E.2d 178 (1991), the General Assembly amended Code § 8.01-244 by adding the following sentence:

However, if a plaintiff suffers a voluntary nonsuit pursuant to § 8.01-380, the nonsuit shall not be deemed an abatement nor a dismissal pursuant to this subsection, and the provisions of subdivision E 3 of § 8.01-229 shall apply to such a nonsuited action.

In *Dodson*, the issue was whether the general tolling provisions for nonsuited actions in Code § 8.01-229(E)(3) modified the specific tolling period set forth in Code § 8.01-244(B) of the Wrongful Death Act, which we held was applicable to nonsuits of wrongful death actions. Code § 8.01-229(E)(3) did not specify the types of state court actions it affected.[2]

Because the tolling provisions of the general nonsuit statute did not specifically mention statutorily created wrongful death actions, we concluded in *Dodson* that this omission evidenced a legislative intent not to affect the Wrongful Death Act's specific tolling provisions for refiled wrongful death actions. However, contrary to Dr. Grubbs' assertion, we did not hold that the *only* way that a general amendatory statute can affect the limitation period of a wrongful death action is by specific reference to the Wrongful Death Act.

Here, in contrast to *Dodson*, the amendatory statute at issue subjects a specific and limited group of plaintiffs to restrictions upon their rights of action.[3] Thus, unlike other tort claimants, persons seeking damages for personal injury or wrongful death arising out of medical malpractice are "absolutely forbidden from filing an action until ninety days after notification to the health care provider and then, if a review panel is requested, for the entire period the matter is under review by the panel." *Baker v. Zirkle*, 226 Va. 7, 13, 307 S.E.2d 234, 236 (1983). Plainly, this restriction materially reduces a medical malpractice plaintiff's statutory period in which to file an action.

To compensate for that reduction, and to guard against the possibility that a panel review may not be completed before the

---

[2] At the time the *Dodson* claims arose, Code § 8.01-229(E)(3) provided:

> If a plaintiff suffers a voluntary nonsuit, . . . the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action, and the plaintiff may recommence his action within six months from the date he suffers such nonsuit, or within the original period of limitation, whichever period is longer. This tolling provision shall apply irrespective of whether the action is originally filed in a federal or a state court and recommenced in any other court.

In 1991, the General Assembly added the following additional language to the last sentence of Code § 8.01-229(E)(3): "and shall apply to all actions irrespective of whether they arise under common law or statute."

[3] This is the distinction between *Dodson*, which did not involve the Medical Malpractice Act's specific tolling provision, and *Horn v. Abernathy*, 231 Va. 228, 231-32, 343 S.E.2d 318, 320 (1986), which applied that specific tolling provision and adumbrates the holding in this case.

expiration of the "applicable statute of limitations," the General Assembly provided additional periods in which to file medical malpractice claims after compliance with the Medical Malpractice Act's requirements. *Id.* at 13, 307 S.E.2d at 237. Clearly, plaintiffs who suffer personal injuries from medical malpractice are entitled to the benefits of those statutory changes.

However, Dr. Grubbs contends that the General Assembly has not evidenced an intent to provide the same compensating time to wrongful death claimants.[4] We will not presume that the General Assembly intended such a manifest injustice. *See Harvey v. Hoffman*, 108 Va. 626, 629, 62 S.E. 371, 372 (1908) (if statute open to two constructions, court will not give it construction that would result in injustice).

■ With this principle in mind, we compare the Wrongful Death Act and the Medical Malpractice Act. In general language, Code § 8.01-244(B) subjects all wrongful death actions to a two-year limitation period. Here, although that period is clearly reduced by the provisions of the Medical Malpractice Act, the Wrongful Death Act contains *no* compensating tolling provision.

■ On the other hand, Code § 8.01-581.2(A) of the Medical Malpractice Act deals specifically with this loss of time. In providing for compensating benefits for that limited group of plaintiffs who had been subjected to a specific burden, the General Assembly was dealing with a specific situation in a specific manner. And, "in construing conflicting statutes, 'when one statute speaks to a subject in a general way and another deals with a part of the same subject in a more specific manner, . . . where they conflict, the latter prevails.' " *Dodson*, 241 Va. at 94-95, 400 S.E.2d at 181 (quoting *Virginia Nat'l Bank v. Harris*, 220 Va. 336, 340, 257 S.E.2d 867, 870 (1979)).

---

[4] Dr. Grubbs suggests that the deprived tort claimants can avoid their loss of time to file their wrongful death actions by filing a law action simultaneously with giving the notice of malpractice claim. According to Dr. Grubbs, the plaintiff could then ask the court to stay the law action pending completion of the medical malpractice proceedings, or simply delay service of process until completion of the malpractice proceedings.

Dr. Grubbs' authority for this uncertain palliative is *Morrison v. Bestler*, 239 Va. 166, 173, 387 S.E.2d 753, 758 (1990). And he states correctly that *Morrison* "decided that the trial courts would have to deal with the consequences of premature filings on a case by case basis." We do not think that the legislature intended to subject such litigants to the additional expense and uncertainty of attempts to avoid the harsh results of Dr. Grubbs' construction.

 Given these circumstances, and reading the Medical Malpractice Act as a whole, we think that the legislature has sufficiently manifested its intention to afford wrongful death medical malpractice plaintiffs the benefits of the tolling provisions of Code § 8.01-581.9. Accordingly, we answer the certified question in the affirmative and hold that the tolling provision of the Medical Malpractice Act applies to the two-year limitation period contained in the Wrongful Death Act.

*Certified question answered in the affirmative.*