Present: Carrico, C.J., Compton, Lacy, Hassell, Keenan, and
Kinser, JJ., and Gordon, Retired Justice

DANIEL G. BUONOCORE

v.  Record No. 962572      OPINION BY JUSTICE BARBARA MILANO KEENAN
                                                October 31, 1997
THE CHESAPEAKE & POTOMAC
TELEPHONE CO. OF VIRGINIA, ET AL.


           FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
                      Diane McQ. Strickland, Judge


     In this appeal, we consider whether Code § 19.2-59 provides an
employee a cause of action against his corporate employer and its
agent who conducted a warrantless search of the employee's home.

     In November 1992, Linda Sue Taylor informed David R. Cundiff,
Deputy Sheriff of Franklin County, that her former boyfriend, Daniel
G. Buonocore, possessed illegal firearms in his home.  Taylor also
informed Cundiff that Buonocore had taken without authorization
certain items of personal property belonging to his employer, The
Chesapeake and Potomac Telephone Company of Virginia (C&P).[1]
Cundiff related this information to Special Agent Donald L. Harris
of the United States Department of the Treasury, Bureau of Alcohol,
Tobacco and Firearms (ATF), and to James D. Thompson, assistant
manager of security for C&P.

     Harris obtained a federal warrant to search Buonocore's home
for illegal firearms and invited Thompson to accompany him in the
search.  Thompson went with the ATF agents and the sheriff's
deputies to Buonocore's home.  Although no property belonging to C&P
was listed in the search warrant, Thompson opened some cabinet doors
and drawers in the home.  When he saw several items belonging to C&P

--------
[1]C&P is now known as Bell Atlantic-Virginia, Inc.

in the cabinets, Thompson asked Buonocore where he obtained the items. Buonocore replied, "Maybe I got [them] from work."

Buonocore then asked Thompson to identify himself and, on learning that Thompson worked for C&P, asked Thompson to leave. Thompson did not leave, however, because Cundiff told him that he had a right to be present during the search. At no time did Thompson or any representative of C&P ask Buonocore for permission to search his home.

Buonocore filed a motion for judgment against C&P and Thompson (collectively, C&P) alleging damages resulting from the search, which he contends was unlawfully conducted in violation of Code § 19.2-59.[2] C&P moved for summary judgment on the ground that Code § 19.2-59 regulates the conduct of governmental authorities only and, therefore, did not provide a basis for a cause of action against C&P. The trial court awarded summary judgment to C&P, stating that Code § 19.2-59 did not afford Buonocore a cause of action against a private corporation and its employee.

On appeal, Buonocore argues that the plain language of Code § 19.2-59 provides him a cause of action based on C&P's illegal search of his residence. He contends that the legislature's use of the phrase "any other person" in describing individuals subject to the statute's restrictions plainly demonstrates the legislature's intent to restrict the conduct of governmental agents, private entities, and individuals. Buonocore also asserts that <u>Durham Bros. and Co. v. Woodson</u>, 155 Va. 93, 154 S.E. 485 (1930), in which we

[2]In his motion for judgment, Buonocore also alleged an action for trespass. However, that claim was dismissed without prejudice by nonsuit in accordance with Code § 8.01-380.

interpreted a predecessor statute to Code § 19.2-59, recognized such a cause of action against a private corporation and its employee. We disagree with Buonocore's argument.

Initially, we consider Buonocore's contention that the trial court erred in disposing of the case by summary judgment. A trial court may enter summary judgment if no material fact is genuinely in dispute. Rule 3:18. In considering such a motion, the trial court must adopt those inferences from the facts that are most favorable to the nonmoving party. Carson v. LeBlanc, 245 Va. 135, 139-40, 427 S.E.2d 189, 192 (1993). Here, however, Buonocore does not contend that any material facts were disputed, or that the trial court failed to adopt inferences from the facts that were most favorable to him. Therefore, we find no merit in Buonocore's objection to the trial court's use of the summary judgment procedure. See id.

We next consider Buonocore's assertion that Code § 19.2-59 provides a cause of action against C&P. Code § 19.2-59 states, in relevant part, that

> [n]o officer of the law or any other person shall search any place, thing or person, except by virtue of and under a warrant issued by a proper officer. Any officer or other person searching any place, thing or person otherwise than by virtue of and under a search warrant, shall be guilty of malfeasance in office. Any officer or person violating the provisions of this section shall be liable to any person aggrieved thereby in both compensatory and punitive damages.

This section proscribes certain conduct by an "officer of the law or any other person." However, the statute further states that if such an individual violates this proscription, that person "shall be guilty of malfeasance in office." This language is ambiguous because it does not plainly reconcile the use of the term "any other

person" with the term "malfeasance in office."

Since Code § 19.2-59 is ambiguous, we apply settled rules of statutory construction to determine the legislature's intent in its use of the language in question. USAA Cas. Ins. Co. v. Alexander, 248 Va. 185, 194, 445 S.E.2d 145, 150 (1994); City of Virginia Beach v. Bd. of Supervisors, 246 Va. 233, 236, 435 S.E.2d 382, 384 (1993); Wertz v. Grubbs, 245 Va. 67, 70, 425 S.E.2d 500, 501 (1993). We will not construe a statute by singling out a particular term or phrase, but will construe the words and terms at issue in the context of the other language used in the statute. See City of Virginia Beach, 246 Va. at 236-37, 435 S.E.2d at 384; Wertz, 245 Va. at 70, 425 S.E.2d at 501; VEPCO v. Bd. of Supervisors, 226 Va. 382, 387-88, 309 S.E.2d 308, 311 (1983).

Applying these principles, we conclude that Code § 19.2-59 does not create a cause of action against a private entity or an individual. Considered as a whole, the statutory language demonstrates a legislative intent to deter the conduct of only those individuals who, by virtue of their governmental employment, can be found guilty of malfeasance in office. This construction is supported by the fact that, in 1978, the legislature amended Code § 19.2-59, removing the word "misdemeanor" and adding in its place the term "malfeasance in office." Thus, the amendment clarified that the statute does not apply to private entities and individuals because only law enforcement officers and other governmental agents can be found guilty of malfeasance in office.

This construction also comports with the body of case law holding that Code § 19.2-59 affords only the same substantive

protection as that provided by the Fourth Amendment.  See Thims v. Commonwealth, 218 Va. 85, 93, 235 S.E.2d 443, 448 (1977); Carter v. Commonwealth, 209 Va. 317, 320, 163 S.E.2d 589, 592 (1968); One 1963 Chevrolet Pickup Truck v. Commonwealth, 208 Va. 506, 508, 158 S.E.2d 755, 757 (1968); Zimmerman v. Town of Bedford, 134 Va. 787, 801-02, 115 S.E. 362, 366 (1922).  The Fourth Amendment prohibition against unreasonable searches and seizures does not apply to private individuals acting on their own initiative.  United States v. Jacobsen, 466 U.S. 109, 113 (1984); Harmon v. Commonwealth, 209 Va. 574, 577, 166 S.E.2d 232, 234 (1969).

Here, Thompson did not act at the direction of any law enforcement officer.  Since he searched the cabinets in Buonocore's home on his own initiative, that search was not conduct proscribed by the Fourth Amendment or by Code § 19.2-59.  See id.

Finally, we disagree with Buonocore's contention that Durham Bros, 155 Va. at 93, 154 S.E. at 485, requires that we recognize a cause of action against C&P under Code § 19.2-59.  That case was decided before the 1978 amendment to Code § 19.2-59 clarified that the only persons covered by the statute are those who can be found guilty of malfeasance in office.

For these reasons, we will affirm the trial court's judgment.

Affirmed.