PRESENT:  All the Justices

GREGORY LEON YOUNG

v.  Record No. 060473   OPINION BY JUSTICE BARBARA MILANO KEENAN
                                          April 20, 2007
COMMONWEALTH OF VIRGINIA


                FROM THE COURT OF APPEALS OF VIRGINIA

     In this appeal, we consider whether the Court of Appeals

erred in remanding a robbery conviction for a new sentencing

proceeding under Code § 19.2-295.1, rather than ordering a new

trial on all issues, based on the erroneous admission of

evidence of other crimes during the guilt phase of a defendant's

trial.

     Gregory Leon Young was tried by a jury in the Circuit Court

of the City of Danville for robbery, in violation of Code

§ 18.2-58.  Young was convicted of the offense and sentenced, in

accordance with the jury verdict, to a term of life

imprisonment.[1]

     Young chose to represent himself at his trial.  The

evidence at trial showed that in January 2004, a robbery

occurred at "Check 'n Go," a check-cashing establishment in the

City of Danville (the Danville robbery).

---

     [1] In the same trial, Young also was convicted for use of a
firearm in the commission of a robbery, in violation of Code
§ 18.2-53.1.  However, Young's conviction for use of a firearm
is not before us in this appeal.

1

Shanna D. Jones was the sole cashier in the store when a man entered and handed her a note that read, "I Have a Gun Give me $2,100 you have 10 seconds."  The man produced a gun from inside his coat and stated, "Just do what I say and you don't get hurt."  Jones gave the man $1,776, the entire contents of her "money drawer."

The Commonwealth offered into evidence several segments of a video recording made of Young in the Henry County Sheriff's Office about one week after the Danville robbery.  Young had been taken into custody in Henry County for a separate bank robbery that had occurred in the City of Martinsville (the Martinsville robbery).  While Young was in custody at the Henry County Sheriff's Office, City of Martinsville police officers interviewed him for about three hours regarding the Martinsville robbery.  When the Martinsville police officers concluded their interview, City of Danville police officers questioned Young for an additional hour regarding the Danville robbery.  Both interviews were preserved on a video recording (the Henry County interview).  During the Henry County interview, Young confessed that he committed the Danville robbery.

The Commonwealth informed the circuit court that the Commonwealth did not intend to present to the jury any statements in the Henry County interview that would be inadmissible in evidence.  The circuit court stated that it

2

would allow the Commonwealth to play the portions of the Henry County interview relating to the Danville robbery, but ruled that other portions of the video recording that were unrelated to the Danville offenses would be inadmissible.

The Commonwealth showed the jury the portion of the Henry County interview in which Young confessed to the Danville robbery. The jury also was shown, however, some inadmissible portions of the Henry County interview, including Young's statements concerning his purchase and use of illegal drugs, his previous robbery charges, and his admission that he had committed other robberies in the past.[2]

Young repeatedly objected to the introduction of any statements he made in the Henry County interview concerning his prior crimes and drug use. On three occasions, the circuit court instructed the jury to disregard any evidence of Young's prior crimes or other acts that were not related to the Danville robbery.

_____

[2] The jury was shown portions of the Henry County interview in which Young mentioned a robbery that occurred in Henry County, and in which he referred to the Danville robbery as "this particular job." At other points in the Henry County interview, Young admitted that he had been involved in "some more armed robberies," stated that he had a "bad history" and had made "several" mistakes, and began discussing a prior robbery charge. The jury also was shown a portion of the Henry County interview in which Young asked his interviewer, "[D]id those guys really get me in Martinsville?" The jury also observed Young stating that he used the proceeds of the Danville

After the jury found Young guilty on the robbery charge, the circuit court conducted a sentencing proceeding. At the sentencing proceeding, the jury heard evidence presented by the Commonwealth that Young previously had been convicted of armed robbery, common law robbery, statutory burglary, "first degree" burglary, breaking and entering, grand larceny, three other felony convictions of larceny, and misdemeanor larceny.

Young appealed his conviction to the Court of Appeals, which concluded that the circuit court erred in allowing the jury to see the portions of the Henry County interview relating to Young's other crimes and drug use. However, the Court of Appeals determined that the circuit court's error was harmless with respect to the issue of Young's guilt because the evidence of guilt was overwhelming. Young v. Commonwealth, 47 Va. App. 616, 633-35, 625 S.E.2d 691, 701-02 (2006).

The Court of Appeals further determined that the presentation of Young's statements in the Henry County interview relating to the "Henry County offense," for which Young had not yet been convicted, and of the statements relating to Young's involvement with illegal drugs, introduced into evidence during the guilt phase, did not constitute harmless error with regard to the sentencing proceeding. The Court of Appeals held that

robbery to buy illegal drugs, and that his purpose in coming to Henry County was "[f]or drugs."

4

because this evidence would have been inadmissible in the sentencing proceeding, its erroneous admission during the guilt phase prejudiced Young in the jury's determination of his sentence.  Id. at 637-38, 625 S.E.2d at 701-02.

The Court of Appeals affirmed Young's conviction, but remanded the case to the circuit court for a new sentencing proceeding under Code § 19.2-295.1, which provides for such a proceeding when a sentence is "set aside or found invalid solely due to an error in the [original] sentencing proceeding."  Id. The Court of Appeals concluded that because the error in the guilt phase of the trial affected the sentencing proceeding but was harmless with respect to the issue of Young's guilt, the sentence was invalid "solely due to an error in the sentencing proceeding" within the meaning of Code § 19.2-295.1.  Young appeals from the Court of Appeals' judgment.

Young contends that the Court of Appeals set his sentence aside only because of evidentiary error during the guilt phase of his trial, not because of an error "in the sentencing proceeding."  Therefore, Young argues, the Court of Appeals erred in ordering a new sentencing proceeding under Code § 19.2-295.1, which only affords a remedy for errors that occur in the sentencing phase of a trial.  Young asserts that because the evidentiary error occurred during the guilt phase of his trial, his case should be remanded for a new trial on all issues.

5

In response, the Commonwealth argues that the Court of Appeals properly concluded that because the evidentiary error was harmless with regard to the issue of Young's guilt, the error affected only the sentence imposed by the jury. Thus, the Commonwealth contends that the erroneous admission of evidence occurred "in the sentencing proceeding," within the meaning of Code § 19.2-295.1, and the Court of Appeals properly remanded the case for a new sentencing proceeding under Code § 19.2-295.1, rather than for a new trial on all issues. We disagree with the Commonwealth's arguments.

An issue of statutory interpretation presents a pure question of law, which we review de novo on appeal. Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104, 639 S.E.2d 174, 178 (2007); Washington v. Commonwealth, 272 Va. 449, 455, 634 S.E.2d 310, 313 (2006); Ainslie v. Inman, 265 Va. 347, 352, 577 S.E.2d 246, 248 (2003). We determine the meaning of certain statutory language from the express words contained in the statute. Washington, 272 Va. at 255, 634 S.E.2d at 313; Alger v. Commonwealth, 267 Va. 255, 259, 590 S.E.2d 563, 565 (2004); Tucker v. Commonwealth, 268 Va. 490, 493, 604 S.E.2d 66, 68 (2004).

We consider the disputed language in the context of the entire statute, rather than by isolating particular words or phrases. Carpitcher v. Commonwealth, 273 Va. 335, 345, 641

6

S.E.2d 486, 492 (2007); Cummings v. Fulghum, 261 Va. 73, 77, 540 S.E.2d 494, 496 (2001); Earley v. Landsidle, 257 Va. 365, 369, 514 S.E.2d 153, 155 (1999). When statutory language is unambiguous, we are bound by the plain meaning of that language and may not give the words a construction that amounts to holding that the General Assembly did not mean what it actually stated. Gunn v. Commonwealth, 272 Va. 580, 587, 637 S.E.2d 324, 327 (2006); Tucker, 268 Va. at 493, 604 S.E.2d at 68; Alger, 267 Va. at 259, 590 S.E.2d at 565.

The statute we examine in the present case, Code § 19.2-295.1, provides in relevant part:

> In cases of trial by jury, upon a finding that the defendant is guilty of a felony . . . a separate proceeding limited to the ascertainment of punishment shall be held as soon as practicable before the same jury. At such proceeding, the Commonwealth shall present the defendant's prior criminal convictions. . . . After the Commonwealth has introduced such evidence of prior convictions, or if no such evidence is introduced, the defendant may introduce relevant, admissible evidence related to punishment. . . . If the sentence imposed pursuant to this section is subsequently set aside or found invalid solely due to an error in the sentencing proceeding, the court shall impanel a different jury to ascertain punishment. . . .

Id.

We conclude that this statutory language is plain and unambiguous. The statute refers to the sentencing proceeding as a "separate proceeding limited to the ascertainment of punishment," and specifies the evidence that the parties may present "[a]t such proceeding." Id. Thus, as set forth in the

7

statute, "the sentencing proceeding" is a distinct phase of a criminal trial that follows a jury's determination of a defendant's guilt. Accordingly, an error "in the sentencing proceeding" can occur only after the jury determines the issue of the defendant's guilt and in the stage of the trial when the jury considers the separate issue of the defendant's punishment.

We find no support in the language of Code § 19.2-295.1 for the Court of Appeals' contrary interpretation, that any error occurring during the guilt phase of a trial but affecting the sentence a defendant receives, is an error "in the sentencing proceeding." That rationale would render any part of a criminal trial, even the voir dire of potential jurors, a part of "the sentencing proceeding" if jurors were exposed to inadmissible evidence that may ultimately have affected the jury's sentencing decision.

We also must reject the Court of Appeals' construction of Code § 19.2-295.1 because that construction effectively would require us to add language to the statute. The Court of Appeals' construction would require us to discount the unambiguous phrase, "due to an error in the sentencing proceeding" and effectively replace that language with the phrase "due to an error affecting the sentencing proceeding." Such an interpretation of the statute would violate the basic principle that courts cannot, by judicial interpretation, add

8

language to a statute that the General Assembly did not include in its enactment.  Washington, 272 Va. at 459, 634 S.E.2d at 316; Holsapple v. Commonwealth, 266 Va. 593, 599, 587 S.E.2d 561, 564-65 (2003); Burlile v. Commonwealth, 261 Va. 501, 511, 544 S.E.2d 360, 365 (2001).

In addition, we observe that we have ordered a new sentencing proceeding under Code § 19.2-295.1 only when we have reversed a judgment solely due to an error committed in the sentencing phase of a trial.  See, e.g., Gillespie v. Commonwealth, 272 Va. 753, 761, 636 S.E.2d 430, 434 (2006) (remand of statutory burglary conviction for new sentencing proceeding because sentence imposed for prior offense and fact of acquittal on other charge were erroneously admitted into evidence in sentencing proceeding); Jaccard v. Commonwealth, 268 Va. 56, 59, 597 S.E.2d 30, 31 (2004) (remand of malicious wounding conviction for new sentencing proceeding because jury erroneously was informed in sentencing phase that defendant's prior probation status had been revoked); Hills v. Commonwealth, 262 Va. 807, 812, 553 S.E.2d 722, 725 (2001) (remand of rape conviction for new sentencing proceeding because circuit court failed to instruct jury in sentencing phase that parole had been abolished in Virginia); Fishback v. Commonwealth, 260 Va. 104, 117, 532 S.E.2d 629, 635 (2000) (remand of eight felony convictions for new sentencing proceeding because circuit court

9

failed to instruct jury in sentencing phase that parole had been abolished in Virginia).

Here, because the improper evidence of other crimes was presented during the guilt phase of Young's criminal trial, not in his sentencing proceeding, the remedy of a new sentencing proceeding afforded by Code § 19.2-295.1 is inapplicable.[3] Accordingly, we hold that the Court of Appeals erred in ordering that Young's case be remanded solely for a new sentencing proceeding.

For these reasons, we will reverse the Court of Appeals' judgment and remand the case to the Court of Appeals for further remand to the circuit court for a new trial on the robbery indictment, if the Commonwealth be so advised.

<u>Reversed and remanded.</u>

JUSTICE KINSER, with whom JUSTICE LEMONS and JUSTICE AGEE join, dissenting.

The majority decides today that Gregory Leon Young, a convicted armed robber, is entitled to a new opportunity to adjudicate his guilt notwithstanding the finality of the Court of Appeals' conclusions that "the evidence of [Young's] guilt

---

[3] The Court of Appeals' holding determining which items of "other crimes" evidence resulted in prejudicial error is not before us in this appeal. Therefore, we express no opinion regarding which statements in the Henry County interview resulted in prejudice to Young.

10

was overwhelming," Young v. Commonwealth, 47 Va. App. 616, 636, 625 S.E.2d 691, 701 (2006), and that the error in his trial prejudiced only the jury's sentencing determination, not its finding of guilt. Id. at 638, 625 S.E.2d at 702. In my view, to disturb the conclusive effect of a jury's valid determination of guilt runs counter to the General Assembly's manifest purpose for creating a bifurcated jury-trial procedure for non-capital felonies and Class 1 misdemeanors. Therefore, I respectfully dissent.

The issue before us is whether the Court of Appeals erred by ordering only a new sentencing proceeding under Code § 19.2-295.1 instead of a new trial on the issues of both guilt and sentencing. The relevant portion of Code § 19.2-295.1 states:

> If the sentence imposed pursuant to this section is subsequently set aside or found invalid solely due to an error in the sentencing proceeding, the court shall impanel a different jury to ascertain punishment, unless the defendant, the attorney for the Commonwealth and the court agree, in the manner provided in [Code] § 19.2-257, that the court shall fix punishment.

The majority "conclude[s] that this statutory language is plain and unambiguous." With respect to the phrase "solely due to an error in the sentencing proceeding," I disagree.

"Language is ambiguous if it admits of being understood in more than one way, refers to two or more things simultaneously, is difficult to comprehend, is of doubtful import, or lacks

11

clearness and definiteness." Gillespie v. Commonwealth, 272 Va. 753, 758, 636 S.E.2d 430, 432 (2006) (citing Brown v. Lukhard, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985)). Where the language of an enactment is ambiguous, resort to the rules of statutory construction is appropriate. Buonocore v. Chesapeake & Potomac Tel. Co., 254 Va. 469, 472, 492 S.E.2d 439, 441 (1997) (citing USAA Cas. Ins. Co. v. Alexander, 248 Va. 185, 194, 445 S.E.2d 145, 150 (1994); City of Virginia Beach v. Board of Supervisors, 246 Va. 233, 236, 435 S.E.2d 382, 384 (1993); Wertz v. Grubbs, 245 Va. 67, 70, 425 S.E.2d 500, 501 (1993)); Virginia Dep't of Labor & Indus. v. Westmoreland Coal Co., 233 Va. 97, 101–02, 353 S.E.2d 758, 762 (1987) (Where statutory language is ambiguous, "we . . . must resort to extrinsic evidence and the rules of construction to determine legislative intent, 'the paramount object of statutory construction.' ") (quoting Vollin v. Arlington County Electoral Bd., 216 Va. 674, 678–79, 222 S.E.2d 793, 797 (1976)).

On its face, the text of Code § 19.2-295.1 is not clear whether "an error in the sentencing proceeding" means, as the majority concludes, a discrete act or occurrence that happens between the temporal beginning and ending of a sentencing proceeding, or the prejudicial impact such an event has on the validity of the sentence imposed, irrespective of when it temporally occurs. The majority dismisses the latter

12

interpretation, claiming that if we adopted it, we would be impermissibly rewriting the pertinent provision of Code § 19.2-295.1 to read, "due to an error <u>affecting</u> the sentencing proceeding."  Yet, the majority engages in the very sort of statutory revision that it claims to eschew when it effectively replaces the enacted language with the phrase "due to an error <u>during</u> the sentencing proceeding."  Thus, despite its claim that the relevant text is unambiguous and its recitation of the plain meaning rule, the majority engages in its own statutory construction to reach the conclusion that Young is entitled to a new trial on the robbery indictment.

Since the General Assembly's use of the word "in" allows the provision at issue to be "understood in more than one way," <u>Gillespie</u>, 272 Va. at 758, 636 S.E.2d at 432, resort to the principles of statutory construction is appropriate in order to decide the issue before us.  See <u>Buonocore</u>, 254 Va. at 472, 492 S.E.2d at 441.  "A statute must be construed with reference to its subject matter, the object sought to be attained, and the legislative purpose in enacting it; the provisions should receive a construction that will render it harmonious with that purpose rather than one which will defeat it."  <u>Esteban v. Commonwealth</u>, 266 Va. 605, 609, 587 S.E.2d 523, 526 (2003) (citing <u>Stanley v. Tomlin</u>, 143 Va. 187, 195, 129 S.E. 379, 382 (1925)); <u>see also</u> <u>Bulala v. Boyd</u>, 239 Va. 218, 227, 389 S.E.2d

13

670, 674 (1990) (" 'Every statute is to be read so as to promote the ability of the enactment to remedy the mischief at which it is directed.' ") (quoting Board of Supervisors v. King Land Corp., 238 Va. 97, 103, 380 S.E.2d 895, 897 (1989)).

Before the General Assembly's enactment of Code § 19.2-295.1 in 1994, see 1994 Acts chs. 828, 860, 862, 881, a jury made its guilt and sentencing decisions for non-capital offenses in an unitary proceeding, based solely on evidence relevant to the charged offense and the statutory range of permissible punishment.  See Commonwealth v. Shifflett, 257 Va. 34, 42, 510 S.E.2d 232, 235 (1999); Auer v. Commonwealth, 46 Va. App. 637, 648, 621 S.E.2d 140, 145 (2005).  With the enactment of that statute and the resulting change to a bifurcated system for jury trials of non-capital felonies and Class 1 misdemeanors, the General Assembly advanced the laudable goal of "truth in sentencing," Fishback v. Commonwealth, 260 Va. 104, 113, 532 S.E.2d 629, 632 (2000), by expanding the scope of information that a jury can receive in making its sentencing decision.  With the advent of two separate proceedings, one for the determination of guilt and the other for the determination of an appropriate sentence, the General Assembly recognized that an error committed during an accused's trial could conceivably prejudice only a jury's sentencing decision.  Thus, one year

14

after the General Assembly first created the bifurcated system, it added the provision now at issue.  See 1995 Acts ch. 567.[1]

The entirety of Code § 19.2-295.1 is directed at post-conviction sentencing proceedings.  The contested language directs that, when a sentence is "set aside or found invalid solely due to an error in the sentencing proceeding," the trial court shall impanel a different jury to determine only punishment.  Code § 19.2-295.1 (emphasis added).  The statute does not address those instances when the basis for reversal is an error in the determination of a defendant's guilt.  Nor should it.  When an error at trial requires the reversal of a jury's guilt determination and the award of a new trial, the sentence imposed by that jury is necessarily also set aside.  But, as the General Assembly recognized, with separate proceedings for determining guilt and sentencing, there is no reason to set aside a jury's guilt determination when an error prejudices only its imposition of sentence.  The majority's construction of Code § 19.2-295.1, however, renders this distinction meaningless and is irreconcilable with that

---

[1] In 1995, the relevant portion of Code § 19.2-295.1 provided, "If the sentence on appeal is subsequently set aside or found invalid solely due to an error in the sentencing proceeding, the court shall impanel a different jury to ascertain punishment, unless the defendant, the attorney for the Commonwealth and the court agree, in the manner provided in § 19.2-257, that the court shall fix punishment."  The General

statute's express declaration that the penalty phase of a bifurcated criminal trial is "a separate proceeding limited to the ascertainment of punishment."

The basis of the Court of Appeals' decision to invalidate Young's life sentence was the prejudicial impact of the jurors' knowledge of Young's unadjudicated criminal conduct on their sentencing decision. Young, 47 Va. App. at 638, 625 S.E.2d at 702. The Court of Appeals found no reversible error either in the guilt phase alone, or in the guilt and sentencing proceedings collectively. Id. "The only harm done was in sentencing." Id. at 638 n.10, 625 S.E.2d at 702 n.10. Thus, the Court of Appeals set aside Young's sentence "solely due to an error in the sentencing proceeding." The appropriate remedy under such circumstances is to remand the case to the trial court to "impanel a different jury to ascertain punishment." Code § 19.2-295.1. As the Court of Appeals appropriately noted, "[t]o remand for a new trial would be a futile act." Young, 47 Va. App. at 638 n.10, 625 S.E.2d at 702 n.10. It also would be a waste of judicial resources.

Nevertheless, the majority opines that the Court of Appeals' "rationale would render any part of a criminal trial, even the voir dire of potential jurors, a part of 'the

Assembly amended the statute to its current version in 2001. 2001 Acts ch. 389.

16

sentencing proceeding' if jurors were exposed to inadmissible evidence that may ultimately have affected the jury's sentencing decision."  This concern, however, is misplaced because the majority's observation actually reflects how bifurcated trials proceed.  Jurors are not told to disregard all the evidence heard during the guilt phase of a trial upon commencement of the sentencing proceeding.  Instead, all the evidence presented during the guilt proceeding carries forward and is appropriately considered by the jury during the penalty phase.  Indeed, that is precisely why the inadmissible evidence regarding Young's unadjudicated conduct, which was introduced during the guilt phase, rendered the jury's imposition of sentence invalid.  Otherwise, there would have been no error in the sentencing proceeding.[2]

Accordingly, I respectfully dissent and would affirm the judgment of the Court of Appeals remanding Young's case for a new sentencing proceeding only.

---

[2] Citing Gillespie, 272 Va. at 761, 636 S.E.2d at 434, Jaccard v. Commonwealth, 268 Va. 56, 59, 597 S.E.2d 30, 31 (2004), Hills v. Commonwealth, 262 Va. 807, 812, 553 S.E.2d 722, 725 (2001), and Fishback, 260 Va. at 117, 532 S.E.2d at 635, the majority states "that we have ordered a new sentencing proceeding under Code § 19.2-295.1 only when we have reversed a judgment solely due to an error committed in the sentencing phase of a trial."  (Emphasis added.)  But, the issue before us today is one of first impression.

17