PUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Athey, Ortiz and Senior Judge Clements
Argued at Leesburg, Virginia


SILFREDO CASTILLO CANALES

v.     Record No. 0775-22-4

COMMONWEALTH OF VIRGINIA

SILFREDO ANT CASTILLO CANALES

v.     Record No. 1037-22-4

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE JEAN HARRISON CLEMENTS
SEPTEMBER 5, 2023


FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Louise M. DiMatteo, Judge

Kevin M. Tamul, Assistant Public Defender (Helen Randolph,
Assistant Public Defender, on briefs), for appellant.

Francis A. Frio, Senior Assistant Attorney General (Jason S.
Miyares, Attorney General; Leanna C. Minix, Assistant Attorney
General, on briefs), for appellee.


In these two appeals, consolidated for purposes of oral argument, Silfredo Castillo Canales contends that the trial court erred in refusing to hold a single revocation hearing upon a major violation report that alleged numerous technical violations of his probation. He further maintains that the procedure the trial court employed—holding multiple successive revocation hearings, each upon a single instance of an alleged technical violation—violated the separation of powers doctrine as well as the letter and spirit of recently enacted Code § 19.2-306.1. In addition, Canales argues that the trial court erred in finding that he committed multiple technical violations when all the violations were part of a single course of conduct. He also asserts that the trial court erred in holding that Code § 19.2-306.1 "is not retroactive because the law is procedural and remedial[.]"

Finally, Canales contends that the "trial court erred by acting ultra vires by failing to follow a law [it] believed 'ham[strung] the [c]ourt.'"

For the reasons that follow, we affirm the trial court's judgment in Record No. 0775-22-4, involving findings that Canales violated his probation following the revocation hearings held on March 11, 2022. We also affirm, in Record No. 1037-22-4, the trial court's judgment that Canales violated his probation in the revocation cases held on May 13, 2022. However, we reverse the sentences that the trial court imposed and remand the sentencing decisions to the trial court for re-sentencing.

BACKGROUND

Upon guilty pleas, the trial court convicted Canales of grand larceny and statutory burglary and, on October 27, 2017, sentenced Canales to five years' imprisonment on each conviction (to run concurrently) with two years and six months suspended. The trial court also imposed a three-year term of supervised probation following his release from confinement.

Following his release from incarceration, on October 29, 2021, a major violation report (MVR) was filed in the trial court alleging that Canales had violated Condition 6 of his supervised probation—requiring him to follow his probation officer's instructions and to report as instructed—for repeatedly failing to report for drug testing and office appointments. The alleged violations of Condition 6 occurred on June 2, August 3, August 19, September 17, September 23, September 30, October 5, and October 7, 2021. The MVR also alleged that Canales violated Condition 8 of his probation—requiring him to refrain from unlawful use of drugs—by testing positive for cocaine on May 25 and October 12, 2021. The MVR also asserted that Canales violated his probation by failing to pay court-ordered restitution and by failing to complete a substance abuse evaluation and treatment as directed by his probation officer.

Based on the MVR, the trial court issued a capias for Canales's arrest on November 16, 2021, for violating four conditions of his probation. The capias was served on Canales on January 23, 2022. The probation officer filed an addendum to the MVR on January 24, 2022, indicating that Canales had absconded from supervision.[1] The addendum also indicated that Canales had a hearing scheduled for January 25, 2022, in Arlington County General District Court upon a new charge of breaking and entering.

At an initial status hearing on January 28, 2022, Canales contended that the trial court should consider the allegations in the MVR "as a whole" and as "one violation." The trial court disagreed, noting that the MVR was "chockablock full of discrete incidents" involving Canales's drug use and failures to report as instructed. Upon concluding that the alleged probation violations did not comprise "a single course of conduct" under Code § 19.2-306.1(A), the trial court decided to hold a separate revocation hearing upon each reported violation event alleged in the MVR.[2] The trial court assigned each date of an alleged violation a circuit court number relating to Canales's probation for grand larceny and for statutory burglary. The trial court scheduled the matters for successive hearings on March 11 and March 25, 2022.

[1] Subsequently, it was discovered Canales was in custody in Arlington County during the time that the probation officer was unable to locate him. The trial court later dismissed alleged probation violations for absconding from supervision during that time.

[2] The trial court's order stated:

> IT APPEARING TO THE COURT that the MVR contains a
> history of violations stemming from different incident dates and
> separate and discrete violation events—that is arising out of
> different circumstances and it is the Court's view that each such
> date or separate and discrete violation should be separated for
> purposes of consideration by the Court and the Court shall assign
> such separate and discrete violations a different case number . . . .

During revocation proceedings held on March 11, 2022, the Commonwealth agreed with Canales's contention that the trial court should hold one revocation hearing on all the alleged violations in the MVR. Nonetheless, the trial court held successive revocation hearings[3] and, upon Canales's admission of each separate violation incident, the trial court found him in violation of Condition 8 of his probation for both grand larceny and statutory burglary based upon his positive drug tests on May 25 and October 12, 2021. The trial court found Canales in violation of Condition 6 of his probation for failing to report for drug testing on June 2 and August 3, 2021. The trial court entered eight separate orders—two for each date of violation and corresponding either to Canales's probation for grand larceny or for statutory burglary—finding Canales in violation of his probation, revoking his suspended sentences for grand larceny or statutory burglary, and resuspending them in their entirety. The trial court postponed the remaining alleged violations for hearings on a later date because Canales then was experiencing pain from a dental procedure.

Canales appeared in the trial court for further revocation hearings based upon the same MVR on May 13, 2022. At the successive revocation hearings that followed, Canales disputed the violations.[4] Canales asserted that under Code § 19.2-306.1 holding only one revocation hearing was the appropriate procedure; the Commonwealth agreed and further maintained that the trial court should not impose any active sentence in the matter. The trial court rejected the parties' contentions and found Canales in violation of his probation for both grand larceny and statutory burglary based upon his failure to appear for drug testing on August 19 and September 23, 2021, and for failing to appear for a scheduled appointment with the probation officer on

---

[3] The trial court took a brief recess between each revocation hearing.

[4] As before, the trial court recessed briefly between the revocation hearings.

- 4 -

September 17, 2021. Thus, the trial court found that Canales violated Condition 6 of his probation on three more occasions.

For each of the violations, the trial court revoked Canales's suspended sentences and resuspended all but 14 days. The trial court entered 6 orders finding Canales in violation of his probation for grand larceny and for statutory burglary, revoking the suspended sentences, and resuspending all but 14 days to be served consecutively to each other.[5] The trial court also continued for later proceedings alleged probation violations for Canales's arrest for a new crime and failure to pay restitution.

These appeals followed. The appeal in Record No. 0775-22-4 is from the trial court's orders of April 25, 2022, following the March 11, 2022 revocation hearings. The appeal in Record No. 1037-22-4 is from the orders of June 15, 2022, following the May 13, 2022 revocation hearings.

ANALYSIS

On an appeal of a probation revocation, the trial court's "findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion." *Green v. Commonwealth*, 75 Va. App. 69, 76 (2022) (quoting *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013)). But "an issue of statutory interpretation is a pure question of law which we review de novo." *Id.* (quoting *Conyers v. Martial Arts World of Richmond, Inc.*, 273 Va. 96, 104 (2007)). "Appellate courts 'must assume that the General Assembly chose, with care, the words it used in enacting the statute, and we are bound by those words when we apply the statute.'" *Henthorne v. Commonwealth*, 76 Va. App. 60, 66 (2022) (quoting *Jordan v. Commonwealth*, 295

---

[5] Finding the evidence insufficient to support the alleged violations, the trial court dismissed allegations that Canales violated probation for failing to report for drug testing on October 5, 2021, and failing to appear for probation office appointments on September 30 and October 7, 2021.

- 5 -

Va. 70, 75 (2018)).  "Accordingly, we will apply a statute's 'plain meaning . . . unless the terms are ambiguous or applying the plain language would lead to an absurd result.'"  *Id.* (alteration in original) (quoting *Taylor v. Commonwealth*, 298 Va. 336, 341 (2020)).

Code § 19.2-306 "provides the statutory authority for a trial court to revoke a suspended sentence."  *Id.* at 65.  After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court."  Code § 19.2-306(A).  The Virginia General Assembly amended Code § 19.2-306 effective July 1, 2021, however, to place limits on the court's sentencing discretion in specific circumstances.  *See* 2021 Va. Acts Spec. Sess. I ch. 538; *Henthorne*, 76 Va. App. at 65 (quoting *Green*, 75 Va. App. at 74-75).  Thus, a trial court may "impose a sentence in accordance with the provisions of § 19.2-306.1" in a revocation proceeding.  Code § 19.2-306(C).

"Code § 19.2-306.1 contains specific limitations on sentencing that apply when a trial court bases its revocation of a suspended sentence on certain 'technical violations' enumerated in the statute."  *Henthorne*, 76 Va. App. at 65.  Among other things, the General Assembly has defined as a "technical violation" "a violation based on the probationer's failure to" "follow the instructions of the probation officer, be truthful and cooperative, and report as instructed," and "refrain from the use, possession, or distribution of controlled substances or related paraphernalia[.]"  Code § 19.2-306.1(A)(v), (vii).  Under Code § 19.2-306.1(C), a trial court "shall not impose a sentence of a term of active incarceration upon a first technical violation of the terms and conditions of a suspended sentence or probation . . . ."  Upon a second technical violation, "there shall be a presumption against imposing a sentence of a term of active incarceration," but, upon a finding by the preponderance of the evidence that the defendant "cannot be safely diverted from active incarceration through less restrictive means," the trial

court "may impose not more than 14 days of active incarceration[.]" Code § 19.2-306.1(C). For a "third or subsequent technical violation," "[t]he court may impose whatever sentence might have been originally imposed[.]" *Id.* The statute further provides the limitation that "[m]ultiple technical violations arising from a single course of conduct *or* a single incident *or* considered at the same revocation hearing shall not be considered separate technical violations for the purposes of sentencing pursuant to this section." Code § 19.2-306.1(A) (emphases added).

Canales argues that "[t]he legislature's use of the conjunction 'or'" in Code § 19.2-306.1(A) concerning multiple technical violations "is central to how [the General Assembly intended that] multiple technical violations are to be adjudicated." He maintains that "[b]y having separate hearings on the same day for each technical violation, the trial court ignored the legislature's authority to establish the procedure for a revocation hearing." Thus, he contends, the procedure the trial court employed violated separation of powers principles. Canales also asserts that the technical violations were "a single course of conduct" under Code § 19.2-306.1(C).[6]

---

[6] As his fourth assignment of error in both appeals, Canales contends that "[t]he trial court erred by acting ultra vires by failing to follow a law [it] believed 'ham[strung] the [c]ourt.'" Canales failed to raise this issue in the trial court; thus, we do not consider it. "No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. Canales does not invoke the good cause or ends of justice exceptions to Rule 5A:18, and the Court will not apply the exceptions sua sponte. *Edwards v. Commonwealth*, 41 Va. App. 752, 761 (2003) (en banc).

In Record No. 1037-22-4, Canales also argues that the trial court erred "by not applying the rule of lenity when interpreting" Code § 19.2-306.1. This argument is not encompassed within the assignment of error claiming that the trial court acted ultra vires. "Only assignments of error listed in the brief will be noticed by this Court." Rule 5A:20(c)(1). Accordingly, we do not consider Canales's claim that the trial court erred by not applying the rule of lenity.

## I. Multiple Revocation Hearings

As this Court has recognized, the purpose behind the statutory changes concerning revocation proceedings "was clearly to treat technical violations less harshly than non-technical violations." *Heart v. Commonwealth*, 75 Va. App. 453, 469-70 (2022) (holding that Code § 19.2-306.1 requires evidence of two prior technical violations before a defendant may be sentenced for a third technical violation). In addition, because the General Assembly "specifically defined 'technical violation' to include any 'violation *based on*' specified conduct," we look to "the underlying violation conduct itself, not the particular language or label a trial court may have used in imposing a condition of probation." *Delaune v. Commonwealth*, 76 Va. App. 372, 382-83 (2023) (quoting Code § 19.2-306.1(A)).

Canales's positive drug tests and failures to report for drug screens and office appointments clearly were technical violations. Code § 19.2-306.1(A)(v), (vii); *Delaune*, 76 Va. App. at 382-83. Canales argued in the trial court that the "single course of conduct" language in Code § 19.2-306.1(A) and the legislative intent of the statute required the trial court to hold a single revocation hearing based on the MVR, thus limiting the trial court's authority to impose active incarceration even if the Commonwealth established multiple technical violations. The Commonwealth agreed that the trial court should hold one revocation hearing and that all the reported violations should be considered together. The trial court rejected the parties' arguments and, as described above, held successive revocation proceedings on March 11 and May 13, 2022.[7]

---

[7] We recognize that four of the eight violations found at the March 11, 2022 hearings occurred on May 25 and June 2, 2021, before the amendment to Code § 19.2-306 and enactment of Code § 19.2-306.1 were effective. Nevertheless, the parties "consented to the application of the new statute." *Heart*, 75 Va. App. at 465. The Commonwealth does not appear to contend on appeal that the trial court erred in finding Code § 19.2-306.1 applicable to all of the charged violations. *But see Delaune*, 76 Va. App. at 380 (noting that the approbate-reprobate bar prevents a party from assuming inconsistent legal positions on appeal in a "reversal of course"

Statutes "authorizing a 'trial court to impose alternatives to incarceration, such as probation or conditionally suspended sentences, are highly remedial and should be liberally construed to provide trial courts valuable tools for rehabilitation of criminals.'" *Hill v. Commonwealth*, 301 Va. 222, 228 (2022) (quoting *Cilwa v. Commonwealth*, 298 Va. 259, 269 (2019)). Given these remedial aims, "the power of the courts to revoke suspensions and probation for breach of conditions must not be restricted beyond the statutory limitations." *Id.* (quoting *Grant v. Commonwealth*, 223 Va. 680, 684 (1982)).

Similarly, "the law gives trial courts significant latitude in managing their dockets." *de Haan v. de Haan*, 54 Va. App. 428, 446 (2009). Under Code § 8.01-4, circuit courts have "the authority to establish rules regarding the management of their courts and the cases handled therein." *Collins v. Shepherd*, 274 Va. 390, 399 (2007).

As earlier noted, the final sentence of Code § 19.2-306.1(A) provides that multiple technical violations that a trial court considers at the same revocation hearing must be treated as one for purposes of sentencing. Thus, the statute implicitly acknowledges that it is permissible for a circuit court to hold one revocation hearing upon allegations of multiple probation violations. Indeed, in *Delaune*, the circuit court held one revocation hearing upon allegations in an MVR that the defendant violated her probation both by absconding from supervision and using controlled substances. 76 Va. App. at 376-77.

Nevertheless, we reject Canales's argument that the statutory scheme *required* the trial court to conduct one comprehensive revocation hearing for the multiple technical violations alleged in the MVR. Neither Code § 19.2-306 nor § 19.2-306.1 contains language limiting a circuit court to one revocation hearing per report of probation violations. To hold otherwise

___

from the trial court). Accordingly, we find no need to address Canales's assignment of error that the trial court erred in "holding that Virginia Code § 19.2-306.1 is not retroactive" as the court made no such finding in light of the parties' positions.

- 9 -

"would have us write additional language" into the statutes "not found in the text of the statute[s]." *Henthorne*, 76 Va. App. at 67. "[C]ourts cannot, by judicial interpretation, add language to a statute that the General Assembly did not include in its enactment." *Id.* (quoting *Young v. Commonwealth*, 273 Va. 528, 534 (2007)). "This Court may not construe the plain language of a statute 'in a manner that amounts to holding that the General Assembly meant to add a requirement to the statute that it did not actually express.'" *Id.* (quoting *Commonwealth v. Amos*, 287 Va. 301, 307 (2014)). "[W]hen the General Assembly has used words of a plain and definite import, courts cannot assign to them a construction that effectively would add words to the statute and vary the plain meaning of the language used." *Id.* (quoting *Woods v. Mendez*, 265 Va. 68, 75 (2003)). We thus conclude that the trial court did not exceed its statutory authority by conducting separate revocation hearings upon the probation violations alleged in the MVR.

Canales contends that "[t]he trial court violated the separation of powers doctrine . . . when it separated a single probation violation hearing from a single Major Violation Report (MVR) into multiple probation violations hearings." Article I, Section 5 of the Constitution of Virginia provides "[t]hat the legislative, executive, and judicial departments of the Commonwealth should be separate and distinct . . . ." Article III, Section 1 of the Constitution of Virginia also states, in pertinent part, "The legislative, executive, and judicial departments shall be separate and distinct, so that none exercise the powers properly belonging to the others . . . ." "[T]he legislative branch issues statutes, and the other branches enforce and interpret these statutes." *Brown v. Commonwealth*, 75 Va. App. 388, 401 (2022). "A separation of powers issue arises when one branch of government assumes a role properly belonging to one of the others." *Id.* As concluded above, the procedure the trial court employed in these cases did not violate its statutory authority to hold revocation proceedings under Code § 19.2-306. Therefore,

- 10 -

the trial court "did not violate the separation of powers by enforcing the provisions of an already-existing statute." *Id.*

## II. Single Course of Conduct

The remaining question is whether the record supports the trial court's conclusion that the probation violations did not arise "from a single course of conduct" and, thus, could be considered separate technical violations for sentencing purposes under Code § 19.2-306.1(A).

Code § 19.2-306.1 circumscribes the duration of active incarceration that the trial court may impose for particular categories of probation violations. As pertinent here, Code § 19.2-306.1(C) provides that a trial court may not impose an active sentence of incarceration upon a first technical violation. Upon Canales's admissions that he committed the charged conduct, the trial court found Canales violated both Conditions 6 and 8 at the revocation hearings on March 11, 2022. But because the trial court imposed no active sentence for the technical violations found at the hearings on March 11, 2022, the trial court did not sentence Canales in violation of Code § 19.2-306.1(C).

Nonetheless, we must consider whether the six 14-day sentences the trial court imposed at the May 13, 2022 hearings—ordered to run consecutively for a total of 84 days—were permissible under Code § 19.2-306.1(A) and (C). The statute expressly provides that "[m]ultiple technical violations arising from a single course of conduct" may not be "considered separate technical violations for the purposes of sentencing[.]" Code § 19.2-306.1(A). In other words, if the violations found at the May 13, 2022 hearings arose from a "single course of conduct" for which he was found in violation at the March 11, 2022 hearings, the sentencing limitations of Code § 19.2-306.1(C) applied.[8]

---

[8] Canales makes no argument, and we do not consider, whether the trial court erred in finding distinct probation violations for grand larceny and for statutory burglary for each date it concluded that Canales had violated a probation condition.

The statutory scheme governing revocations contains no definition for "course" as used in the phrase "course of conduct" in Code § 19.2-306.1(A). "[W]e construe the provisions of a statute according to the ordinary meaning of the words contained therein, in light of the 'context in which they are used.'" *Va. Ret. Sys. v. Blair*, 64 Va. App. 756, 764 (2015) (quoting *City of Va. Beach v. Bd. of Supervisors*, 246 Va. 233, 236 (1993)).

Where, as here, the word "course" is followed by the word "of," "course" may be defined as "an ordered continuing process, succession, sequence, or series." *Course*, *Webster's Third New International Dictionary* (2002). We conclude that the General Assembly, in limiting the scope of sentencing for multiple technical violations arising from "a single course of conduct," intended the trial court to focus upon the overall conduct that formed the basis for the violation of a probation condition, regardless of whether the conduct occurred more than once. "Conduct" is "[p]ersonal behavior, whether by action or inaction; the manner in which a person behaves[.]" *Conduct*, *Black's Law Dictionary* (11th ed. 2019). So then, "a single course of conduct" is an ordered continuing process, succession, sequence, or series of acts or behavior.

In applying this definition, we are constrained by the principle of statutory interpretation that "Virginia courts are bound, where possible, to give meaning to every word of a statute." *Hodges v. Commonwealth, Dep't of Soc. Servs., Div. of Child Support Enf't*, 45 Va. App. 118, 126 (2005) (en banc). This precludes application of the definition of "single course of conduct" that effectively encompasses every and any course of conduct. Code § 19.2-306.1(A) states that "[m]ultiple technical violations arising from a single course of conduct or a single incident or considered at the same revocation hearing shall not be considered separate technical violations for the purposes of sentencing pursuant to this section." It must therefore be possible under the statute to commit multiple technical violations in a manner *not* constituting a single course of conduct, because to interpret it otherwise would negate the meaning of the words "single course

- 12 -

of conduct" in the statute and render their inclusion superfluous. So, we must review the factual findings of the trial court to determine if any of the multiple technical violations here, viewed together, constitute an individual, ordered, continuing process, succession, sequence, or series of acts or behavior.

The technical violations of Canales's probation at issue in these appeals fall into two categories: failing to report to the probation office as instructed for appointments or drug testing in violation of Condition 6, and failing to refrain from illegal drug use in violation of Condition 8. Here, Canales tested positive for drug tests on May 25 and October 12, 2021. He failed to report for drug testing on June 2, August 3, August 19, and September 23, 2021; he also failed to appear for a scheduled appointment with probation on September 17, 2021. His two positive drug tests are technical violations per Code § 19.2-306.1(A)(vii). His failure to attend scheduled drug tests and meetings are technical violations per Code § 19.2-306.1(A)(v). Using controlled substances and missing appointments are not the same act or behavior. However, this does not mean that Canales could be sentenced separately for every instance of violation because the series of missed appointments is itself a continuing succession, sequence, or series of the same act[9]; similarly, the two positive drug screens indicate a series of the same act. Thus, Canales's

---

[9] A "course of conduct" has been found to cover activity over a course of months in the context analyzing the admissibility of other bad acts evidence. In *Collins v. Commonwealth*, 226 Va. 223, 230 (1983), the Virginia Supreme Court found that testimony regarding defendant's activities over several months,

> tended to show that Collins was running a prostitution business as a continuing course of conduct over an extended period of time, so that he not only knew his employees were engaging in prostitution, but he also hired them for that purpose, aided and abetted them in their work, and received money from their earnings as prostitutes.

In another case, this Court, in an unpublished opinion, found that evidence of two previous crimes showed "a course of conduct entered into by [defendant] to sell marijuana through his middleman[.]" *Pinnix v. Commonwealth*, No. 1211-10-3, slip op. at 6, 2011 WL 1640479, at *3 (Va. Ct. App. May 3, 2011).

individual violations constituted *two* courses of conduct, *each* of which was to be treated on its own as a single course of conduct for sentencing purposes under Code § 19.2-306.1(C).

We reject Canales's assumption that the technical violations constituted one single course of conduct simply because they were brought before the trial court together. If such were the case, then any set of technical violations would constitute a single course of conduct and, as we have discussed, "single course of conduct" may not be construed so broadly as to render the phrase's inclusion in Code § 19.2-306.1(A) meaningless and make every series of violations a single course of conduct. As the statute clearly contemplates that not every series of technical violations is a single course of conduct, we cannot conclude that mere temporal proximity between Canales's drug use and missed appointments constituted a single course of conduct. Nor does the bare assertion, offered by Canales, that such is the behavior of a drug addict convince us otherwise. While we do not rule out the possibility that under another set of facts actions constituting violations under more than one of Code § 19.2-306.1(A)'s categories might constitute a single course of conduct within the meaning of the statute, we cannot conclude that Canales's drug use and missed probation appointments, without any greater demonstrated connection, constitute a single course of conduct.

Because Code § 19.2-306.1(A) requires that multiple technical violations arising out of a single course of conduct only count as one violation for purposes of sentencing, the trial court erred in sentencing Canales at the May 13, 2022 revocation proceedings as if there were more than two technical violations. One of the courses of conduct collectively constituted Canales's first technical violation; the other constituted his second technical violation subject to a maximum sentence of 14 days' incarceration. *See* Code § 19.2-306.1(C).

CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment in the revocations appealed in Record No. 0775-22-4. In Record No. 1037-22-4, we affirm the trial court's ruling that Canales violated the terms of his probation, but vacate Canales's sentences and remand that matter for re-sentencing and entry of a new revocation order or orders consistent with this opinion.

*Affirmed, Record No. 0775-22-4.*
*Affirmed in part, vacated in part, and remanded, Record No. 1037-22-4.*